**Troy WHEELER et al., Appellants,**

**v.**

**William V. TACKETT, Indv., etc., et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 28, 1960.

C. F. See, Jr., Louisa, R. B. Harrington, Paintsville, for appellant.

Edwin D. Rice, Howard H. Moore, Louisa, for appellee.

PALMORE, Judge.

This matter comes before us on a motion for appeal from a judgment on a verdict awarding appellees $600 compensatory and $600 punitive damages in a suit on a supersedeas bond.

In 1950 George Tackett and his son, William V. Tackett, the owners of contiguous lands comprising 209 acres, sued in the Lawrence County Court under KRS 381.580 to acquire an easement of necessity across a tract owned by Troy Wheeler. An award favorable to the Tacketts was appealed to the Lawrence Circuit Court, where they again succeeded, and in November of 1952 judgment was entered in the circuit court establishing the passway, awarding Wheeler $30 as compensation therefor, reciting that the $30 and all court costs had been deposited with the County Clerk, and directing that the $30 be paid to Wheeler by the County Clerk. On an appeal by Wheeler to this court the judgment was affirmed on March 26, 1954 (Wheeler v. Tackett, Ky., 266 S.W.2d 349), and a mandate issued (according to our records) on April 30, 1954.

On December 29, 1952, pending the appeal to this court, Wheeler and his father (the appellants herein) executed a supersedeas bond before the clerk of the circuit court in the manner set forth in § 748 of the Civil Code of Practice then in force. The bond reads as follows:

"Supersedeas bond. Commonwealth of Kentucky, Lawrence Circuit Court. T. D. Wheeler, Appellant vs. George Tackett and others, Appellee. Whereas, the appellant, T. D. Wheeler, is about to take an appeal from a judgment of the Lawrence Circuit Court rendered at its regular October, 1952, term against him in favor of appellee, George Tackett, and others, for a passway, as shown by judgment in Circuit Court, and the appellant desires to supersede the said judgment, now Josh Wheeler, sureties, have covenanted to and with the appellee, George Tackett, and others, that the appellant will pay to the appellee all costs and damages that may be adjudged against the appellant on the appeal; also that he will satisfy and perform the said judgment, or the part above decided, if it should be affirmed, and any order or

judgment which the Court of Appeals may render or order to be rendered by the inferior Court, not exceeding in amount the value of the original judgment, and also pay all damages the appellee may sustain by reason of the appeal. Witness our hands this 29th day of December, 1952. Signed, T. D. Wheeler and Josh Wheeler, by his mark, then attest, U. S. Thompson, Clerk, Lawrence Circuit Court."

Despite the execution of the foregoing bond, it appears that the order of supersedeas required by § 749, subd. 2 of the Civil Code of Practice was not issued. The Wheelers, according to their evidence in this action, thought it was a cost bond. The Tacketts, on the other hand, were advised by their counsel that the judgment had been superseded, hence they made no real effort to assert their rights (which would have required substantial construction work) during the pendency of the appeal.

Appellants take the position that since no supersedeas issued there was no actual stay of the judgment and therefore an action on the bond cannot be maintained. It was settled in Maryland Casualty Co. v. Marshall, 1928, 226 Ky. 62, 10 S.W.2d 485, and Interstate Acceptance Corp. v. Rosenblatt, Ky. 1951, 244 S.W.2d 441, that although a supersedeas bond may be ineffective under the statute it nevertheless may be enforceable as a common law obligation where the appellee does in fact withhold enforcement of his judgment in reliance upon it. In each of those cases there was a void supersedeas, whereas here there was none at all, but we do not think there is a difference in principle. The purpose of the bond was to secure the unsuccessful litigant against enforcement of the judgment, and as it succeeded in that respect he and his surety will not be heard to deny its efficacy.

Though appellants may have misapprehended the import of the bond their pleadings neither stated grounds to cancel or

reform it nor demanded such relief. Therefore, the action of the trial court in treating it as a valid obligation according to its terms was correct. Appellants' motion for a directed verdict was properly overruled.

■ The period of time covered by the bond was from December 29, 1952, when the bond was executed, to the date on which the mandate of this court was issued. That much seems to be elementary, and, as best we can understand them, the instructions given to the jury sought to limit the recovery of damages to that interval. However, the court permitted evidence to be introduced under the laissez-faire doctrine, and it took a wide range, including some highly prejudicial incidents that occurred in 1955. Appellees in their brief say the court ruled in effect that they had a double-barreled case, one on the bond and the other on the tortious and malicious obstruction of the passway after the date of the mandate. If that be the case the court was in error, since the pleadings did not cast the issues on that basis and there is nothing in the record to indicate an express or implied consent (cf. CR 15.02) that they be so tried. If the appellees have a cause of action for the obstruction of the passway after the date of the mandate, they did not state it clearly enough in this suit to be recognizable. Hence all the evidence of the obstruction of the passway, and the value of its use, outside the period covered by the bond was incompetent and inadmissible.

■ The measure of damages for obstruction of a passway is the diminution in value of the use of the property during the time the obstruction continued. Rogers v. Flick, 1911, 144 Ky. 844, 139 S.W. 1098. As recently pointed out in Adams Construction Co. v. Bentley, Ky.1960, 335 S.W.2d 912, 914, the "value of the use" of property, as the concept is understood in this jurisdiction, is not susceptible of precise measurement, but rental value is a highly relevant factor. Here it was proved that the lands of the appellees would have

had an annual rental value of $200 to $400 with the passway and zero to $100 without it. $600 for the period of one year and four months therefore would exceed the rental value, but not so far as to incline this court to say it was excessive, especially in view of the great hardship imposed on the appellees by their having to walk in and out when otherwise they might have ridden in vehicles. However, the fact that it exceeds the rental value proved for the period in controversy does indicate that the jury may well have been prejudicially influenced by the improper evidence mentioned in the previous paragraph of this opinion.

■ In an effort to show special damages appellees alleged and proved that in 1952 they had contracted to sell their timber for $1,000, with $400 to be paid "when the road which is in dispute is granted * * * and opened to travel with a truck," and the balance to be paid in monthly installments thereafter. It was shown that $421 had been paid on this agreement and the parties considered it to be still in force. Therefore, though performance of the contract may have been delayed, nothing was lost. However, appellees sought interest on $1,000 from May 1, 1951, (sic) and the item was included in the amount of recovery authorized by the instructions. Aside from the erroneous period of time covered by the demand, and the failure to allow credit by reason of the $421 paid, since the proof did not show when the appellees could have got the passway in shape for truck travel it was entirely speculative and thus there was no basis for the allowance of any recovery of interest on this account.

■ The instructions also authorized punitive damages, as demanded in the complaint. Even if punitive damages were allowable in an action on contract (see, however, Cumberland Telephone & Telegraph Co. v. Cartwright Creek Tel. Co., 1908, 128 Ky. 395, 108 S.W. 875, 32 Ky. Law Rep. 1357) it is obvious that they could not be recovered in an action on a

supersedeas bond, for the simple reason that the suspension of the obligee's rights under his judgment is the very quid pro quo purchased by the bond. The continued obstruction of the passway by appellants was not a breach of the contract but, on the contrary, was within its intendment. The only possible breach of such an undertaking is the failure, upon affirmance, to perform the judgment and pay the costs and damages. That sort of invasion of one's rights could scarcely be the subject of punitive damages. See 25 C.J.S. Damages § 120, p. 716; 15 Am.Jur. 709, Damages, § 273.

 The instruction on compensatory damages authorized recovery for the "diminution in market value" of the appellees' land caused by the loss of use of the passway. From what has been said above, this was incorrect, the proper measure being the diminution in value of the use of the property during the period in question. Rogers v. Flick, 1911, 144 Ky. 844, 139 S.W. 1098.

Should it become necessary to retry this case the court will instruct the jurors to the effect that if they believe from the evidence that during the period between December 29, 1952, and April 30, 1954, the Tacketts refrained from using the passway mentioned in the evidence because of the execution of a supersedeas bond by the Wheelers, or were otherwise prevented by Troy Wheeler from the free and unobstructed use of the passway, they shall find for the Tacketts and award them such sum in damages as will compensate them for the resulting diminution (if any) in the value of the use of their property during such time within the aforesaid period as they so refrained or were prevented from using said passway, not exceeding the sum demanded in the complaint on account of such damages.

In view of the reception of incompetent and prejudicial testimony and the giving of improper instructions it is necessary, unfortunately, that an appeal be granted and the judgment reversed. However, both counsel, the parties and the court should recognize that this regrettable controversy, beginning in 1949, ought to be terminated. It is to be hoped that an amicable settlement can be effected without another trial.

Appeal granted and the cause reversed and remanded for further proceedings consistent with this opinion.