WORTH *et al.*
*vs*
SMITH.

*Hord, Payne & Waller* for plaintiffs: *McClung & Taylor and Beatty* for defendant.

---

COVENANT.

*Case* 108.

*June* 19.

The case stated.

# Worth *et al. vs* Smith.

ERROR TO THE JEFFERSON CIRCUIT.

*Appeal bonds. Sureties.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

A NUMBER of persons were proceeding, at the same time, to subject, by attachment, the steamer John Mills, to their several debts.

In the progress of the case, the Chancellor ordered the steamer to be sold upon a credit, by his Marshal, which was done, and bonds with security taken for the payment of the proceeds to the Marshal, which had fallen due before the final decree was rendered. By the final decree the claimants who are plaintiffs in error, were preferred, and the decree, after directing the costs to be paid out of the proceeds, ordered the balance to be distributed, *pro rata*, among them. From that decree Baily and Marcy, who were also claimants against the boat, but whose

claims were postponed, appealed to this Court, and Smith executed bond as their surety. The decree was affirmed in this Court, with costs and damages. Whereupon suit was brought against him by the preferred claimants upon the appeal bond, and judgment rendered under the instructions of the Circuit Court, for the costs and ten per cent. damages only, awarded by this Court on the appeal. The preferred claimants have appealed to this Court and ask a reversal upon the ground that they were entitled to recover, on the appeal bond, the whole amount of the decree in their favor. And this presents the only question for consideration in this Court.

WORTH *et al.*
*vs*
SMITH.

We are satisfied that the instruction of the Circuit Court was right, and that the amount recovered on the appeal bond ought not to have exceeded the amount of costs and ten per cent. damages awarded on the affirmance. The proceedings against the steamer were proceedings *in rem*, and the steamer and the proceeds of her sale, were in the custody and under the control of the Chancellor, and if not collected, were already secured by the bond and security executed for its payment. The decree appealed from, was the decree directing the distribution of the fund, and not the decree against the boat, and the appeal would not have the effect to restrict the Chancellor from taking any step which might be deemed proper to secure the fund, notwithstanding the appeal, as in principle was determined by the Supreme Court of the United States in the case of *Jennings* vs *Carson*, (2 *Condensed Rep. U. S.* 2; *and* 5 *Cond. Rep. U. S.* 65.) And this Court, in the case of *Talbott* vs *Morton*, &c. (5 *Litt.* 326,) determined that an appeal bond with a penalty sufficient to cover the costs and damages, on an appeal from a decree of foreclosure and sale of mortgaged premises, was good, and that only the costs and damages on an affirmance of such decree, was recoverable in a suit on the appeal bond.

On an appeal by one of several complainants, from a decree in chancery, by which, in a proceeding by attachment, the proceeds of a steam boat is distributed amongst several creditors, including appellant, on affirmance damages and costs were given to appellant, in a suit by him on the appeal bond, the surety is liable only for the damage & costs, and not for the debt; the appeal is from the decree of distribution only.

It has been frequently said, that if the surety execute the appeal bond alone, it is sufficient, as his principal is clearly bound by the judgment or decree, or will be bound by the affirmance, by matter of higher dignity than the bond. But if Smith, the surety in the case before us, can

be made liable for the proceeds of the sale of the boat, he is made liable for an amount for which his principals are not made liable by any decree or judgment, as no decree was rendered against them personally, for the same.

The judgment of the Circuit Court is affirmed with costs.

*Guthrie* for plaintiffs: *Fry & Page* for defendant.