CASE 45—PETITION ORDINARY—NOVEMBER 14.

## Mahlman v. Williams.

APPEAL FROM KENTON CIRCUIT COURT.

SUPERSEDEAS.—In a contest between two creditors as to the prior right to subject a debt due their common debtor, the court adjudged that the garnishee, who was a defendant, should pay the fund in contest

to one of the creditors, and from that judgment the other creditor
appealed, superseding the judgment, which was affirmed. *Held*—
That the surety in the supersedeas bond is liable for the amount of
the judgment, as the plaintiff in the judgment was entitled to an
execution, and was prevented from having it by the execution of the
bond.

TISDALE & GRAY FOR APPELLANT.

The supersedeas did not prevent appellee from having an order requiring
the garnishee to pay the fund in controversy into court, and any loss
he has suffered is due to his failure to take such an order and not to
the supersedeas. Therefore, he is not entitled to recover on the su-
persedeas bond. (Graham v. Swigert, 12 B. M., 528; Roberts v. Jen-
kins, 80 Ky., 669.)

O'HARA & BRYAN FOR APPELLEE.

The fund in controversy was not a fund in court, and as the supersedeas
bond prevented appellee from taking any steps to secure its payment,
the surety in the bond is liable.

The cases of Worth v. Smith, 5 B. M., 505, and Graham v. Swigert,
12 B. M., 528, commented on.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

John Brungs & Bros. and R. F. Williams were each
asserting, in an action brought by John Brungs & Bros.,
an indebtedness to them by one Benjamin Thomas, and
attempting to secure their respective claims out of an
indebtedness by the Norton Lumber & Manufacturing
Co. to Thomas. All of these parties were defendants
to the action. On the trial of the case, it appearing
that the Lumber Company was indebted to Thomas,
the court below held that Williams' claim should be
first paid by that company, and adjudged that the
company pay to Williams the sum of one hundred and
sixty-eight dollars and twelve cents, with interest, and
to that judgment John Brungs & Bros. excepted, and
prosecuted an appeal to this court.

They executed a supersedeas bond, with the appel-

lant, Charles Mahlman, as the surety, superseding the judgment below, which, on the final hearing in this. court, was affirmed.

After the mandate of affirmance had been filed below,. the appellee, Williams, instituted his action on the supersedeas bond against the surety, Mahlman, and re-covered a judgment for his debt and costs, and Mahl-man now says the judgment against him should not have been for a larger sum than the costs of the appeal in the case in which the judgment was superseded. The supersedeas bond recites: "Whereas, said appellants. (John Brungs & Bros.) have taken an appeal from the judgment of the Kenton Chancery Court rendered against them in favor of the appellee for one hundred and sixty-eight dollars, with interest from August 6, 1880, and costs, Now we, John Brungs & Bros., princi-pals, and Charles Mahlman, surety, do hereby covenant to and with the appellee, Williams, that the appellants will pay to the appellee all costs and damages that may be adjudged against the appellants on the appeal, and they will satisfy and perform the said judgment in case it shall be affirmed, and any judgment or order which the Court of Appeals may render or order to be rendered in the inferior court, not exceeding the amount or value of the judgment aforesail."

The appellee, Williams, was served with the super-sedeas, and between the rendition of the judgment below, in the case against Thomas and the Lumber Company, and the return of that case to the lower court with a mandate affirming the judgment, the Lumber Company became insolvent,. and hence the action against the surety on the supersedeas bond.

The case of Worth v. Smith, 5 B. M., 505, is relied on by the appellant, the surety, as fixing his liability at the mere cost of the appeal. In that ·case a number of creditors of a steamboat were proceeding to subject the boat, by attachments, to the payment of their debts. The boat was sold by the ·commissioner under an order of court, with bond and security given for the purchase-money. It was a proceeding *in rem*, and the fund was in court subject to distribution, and the appeal was from the order giving Worth the priority in the distribution, and not from the decree subjecting the boat to the payment of Worth's debt. If such had been the case, and a bond executed preventing Worth from selling the boat, there could be no question as to the liability of the surety in the supersedeas bond for the damages sustained by reason of the supersedeas. In the present case two of the creditors of Thomas, with the latter and his debtor parties to the action, were claiming this fund that the Lumber Company owed Thomas, and the chancellor gave the appellee a judgment against the company for the money. Now, what does the surety of Brungs & Bros. supersede when he signs this bond? He stays the collection of that judgment, and prevents the appellee from collecting it. Here was a personal judgment, and whether against Brungs & Bros. or against the Lumber Company, if Brungs & Bros. prevented its collection, is immaterial; the surety is liable. The object of Brungs & Bros. was to prevent the appellee, Williams, from collecting this money under the judgment from the Lumber Company, and this they did by executing the

supersedeas bond, with the appellants as surety, and having the writ served on the appellee. The appellee could have had his execution issued on the judgment against the Lumber Company, and the effect of the appeal by John Brungs & Bro. was to suspend the execution against the Lumber Company until the appeal was prosecuted and decided by this court.

We take it to be clear that where one has a personal judgment upon which he is entitled to an execution, and he is prevented by parties in interest from executing that judgment by the execution of a supersedeas bond, the surety becomes liable; and certainly in this case, where it is alleged and proven that the judgment debtor became insolvent between the execution of the supersedeas and the final termination of the action in this court. It is no answer to say that a rule might have been obtained against the debtor to bring the money into court. It was not, in the sense in which the term was used in the case of Worth v. Smith, a *fund in court*, where the thing attached had been sold, and the proceeds in the hands of the court for distribution. A personal judgment against the garnishee in favor of the appellee would have been proper if he had not been a defendant to the action, but summoned in the ordinary mode, and to say that a personal judgment may be suspended under our practice, and the surety not liable when no other defense appears than is found here, is a doctrine that can not be maintained.

Judgment affirmed.