CASE 47—ACTION ON SUPERSEDEAS BOND—APRIL 21.

# Welch, Etc. v. Welch, Etc.

### APPEAL FROM MARION CIRCUIT COURT.

1. SUPERSEDEAS BOND—DAMAGES ON.—In an action on a supersedeas bond given to stay a judgment for the recovery of shares of stock in a manufacturing corporation the plaintiff can recover damages resulting from a deterioration in the value of the stock caused by mismanagement by the directors.

2. SAME—ATTORNEY'S FEES.—Attorney's fees incurred in prosecuting an appeal do not constitute an element of damage in an action on the supersedeas bond.

JOHN McCHORD FOR THE APPELLANT.

Both the depreciation in the value of the mill stock and a reasonable attorney's fee in the prosecution of the appeal are elements of damage in an action upon a supersedeas bond. Mahlman v. Williams, 89 Ky., 285; Buckner, &c., v. Borgard, 8 Ky. Law Rep., 701.

J. P. THOMPSON FOR THE APPELLEE, R. B. LANCASTER.

The loss on account of the mill stock was caused by the management and not by the appellees.

BEN SPALDING FOR THE APPELLEE, E. R. WELCH.

The damages recoverable in an action on a bond must be the natural, proximate and reasonable result of the thing done. 5 Am. & Eng. Ency. of Law, 5 and note 2 on page 6; Lawson, Rights, Rem. & Pr., vol. 3, sec. 1030; Buckner, &c., v. Borgard, 8 Ky. Law Rep., 701; Worth v. Smith, 5 B. M., 504; Talbert v. Morton, 5 Litt., 327.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

In April, 1895, D. W. Welch died, domiciled in Marion county intestate and without issue. His widow, E. R. Welch, qualified as administratrix of his estate. The ap-

praisers appointed by the county court set apart to the widow seven and one-half shares of stock in the Lebanon Roller Mills, in lieu of all personal property.

Afterwards, in an action to settle the estate of D. W. Welch, appellants, heirs of D. W. Welch, were made parties, and sought and obtained judgment of the Marion Circuit Court directing a sale of these seven and one-half shares of mill stock for the benefit of the estate of D. W. Welch; the court thereby adjudging that the allotment of these shares to the widow in lieu of other property was error. The judgment of the circuit court was superseded by the widow, E. R. Welch, and an appeal was prosecuted to this court.

In February, 1898, the judgment of the Marion Circuit Court directing a sale of the shares of stock was affirmed by this court. Welch v. Welch, 19 Ky. L. R., 1945 [44 S. W., 960]. Upon the affirmance of that judgment, the appellee Lancaster, who was the surety on the supersedeas bond, brought this action, with attachment against appellee E. R. Welch, for indemnity on account of his liability as surety on the bond. In that action the appellants became parties, and by cross petition sought to recover damages on the supersedeas bond. The amount claimed is $727.50, the total value of the mill stock at the date of the judgment superseded. It is alleged that the mill stock has, since the rendition of the judgment of sale and the execution of the supersedeas bond, become utterly worthless by reason of mismanagement of the directors of the mill company. Appellants also asked for judgment for $75 for attorney's fee on the appeal. The court sustained a demurrer to this cross petition of appellants, and dismissed same; and from that judgment this appeal is prosecuted.

We are of opinion that, in so far as the cross petition

sought to recover attorney's fees on the appeal, no cause of action is stated.  As to that, the supersedeas bond does not render either of appellees liable.  The demurrer to the cross petition to that extent was properly sustained.

We are called upon to determine whether appellees are liable for the value of the stock at the date of the bond ($727.50), upon the allegation, admitted to be true on demurrer, that it is now worthless, and rendered so by the mismanagement of the mill company since the execution of the bond.  The conditions of the bond are:  "Do hereby covenant to and with the appellees, etc., that the appellant will pay to the appellees all costs and damages that shall be adjudged against the appellant on the appeal, and also that they will satisfy and perform the said judgment in case it shall be affirmed, . . . and also pay all damage which, during the pendency of the appeal, may accrue by reason of the appeal."

There is no question as to the payment of costs and damages adjudged in this court, nor as to the performance by appellees of that judgment, i. e., surrendering the seven and one-half shares of stock for sale; but the question arises upon the last clause, "and also pay all damages which, during the pendency of the appeal, may accrue by reason of the appeal."

By the allegations of the cross petition, which are taken as true, the stock was worth $727.50 at the date of the judgment and bond; and, by reason of mismanagement of the affairs of the mill company during the pendency of the appeal, the stock became worthless.

We are of opinion that this item of damage is covered by the condition of the bond.  True, it is alleged that the direct cause of the deterioration of the value of the stock was caused by the directors of the company; but it is evi-

dent that this damage or loss in value of the stock would not have affected appellants, but for the delay caused by the supersedeas and appeal. If the stock had been sold under the judgment superseded, the mismanagement of the mill company would not have affected appellants. The fund would have been in court, subject to distribution or subject to the judgment of this court on the appeal. If appellee could control the stock and prevent its loss in value, she should have done so. If its value depended on the action of others over whom she had no control, it seems that, by the execution of the bond and the consequent suspension of proceedings under the judgment, she elected to make the action of those who could control the value her action; and she should abide the result.

The case of Mahlman v. Williams, 89 Ky., 282, [12 S. W., 335], sustains this view. In that case a contest arose as to the priority of two claimants of a fund in the hands of a garnishee. The court adjudged Williams to have priority, and awarded execution against the garnishee for the amount due. The other creditors, with Mahlman, surety, superseded that judgment, and prosecuted an appeal. The judgment of the circuit court was affirmed; but, pending the appeal, the garnishee became utterly insolvent. This court held that the surety on the supersedeas bond was liable, as but for the bond the debt could have been collected from the garnishee before he became insolvent.

So in the case at bar, from the pleadings it appears that but for the bond the stock would have sold for its value ($727.50), and its subsequent deterioration in value would not have affected appellants.

In the case, *supra*, the court, referring to the case of Worth v. Smith, 5 B. Mon., 505, said as to that case, and as an illustration of the case there under consideration:

"If such had been the case, and a bond executed preventing Worth from selling the boat, there could be no question as to the liability of the surety on the supersedeas bond for the damages sustained by reason of the supersedeas."

We are of opinion that the cross petition of appellants states a cause of action as to authorize a recovery for the value of the shares of stock, and the demurrer thereto should have been overruled.

For the reasons indicated, the judgment is reversed, and cause remanded for further proceedings consistent herewith.