PORT HURON ENGINE & THRESHER CO. v. McGREGOR et al.   (No. 6754.)

(Court of Civil Appeals of Texas. Galveston. Feb. 2, 1915. Rehearing Denied March 4, 1915.)

1. CHATTEL MORTGAGES ☞283—FORECLOSURE —STAY OF EXECUTION—ACTION ON SUPER-SEDEAS BOND—EVIDENCE.

Evidence, in an action on a bond staying execution of judgment of foreclosure of a mortgage lien on a certain traction engine, *held* to sustain a finding that its actual value and sale price at the time of sale, notwithstanding deterioration from use, was greater than at the time sale was stayed by the bond.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 569, 572; Dec. Dig. ☞283.]

2. CHATTEL MORTGAGES ☞283—FORECLOSURE —STAY OF EXECUTION—ACTION ON SUPER-SEDEAS BOND—DAMAGES.

The measure of damages recoverable on a supersedeas bond staying execution of judgment of foreclosure against personal property is the difference between the amount it would have sold for when the bond was given and the amount it sold for.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 569, 572; Dec. Dig. ☞283.]

3. CHATTEL MORTGAGES ☞283—ACTION ON SUPERSEDEAS BOND—PLEADING.

In an action for damages against defendants whose bond had stayed execution of judgment of foreclosure against personal property, where the petition did not seek a recovery of interest, eo nomine, plaintiff was not entitled to interest as a matter of law from the execution of the bond.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 569, 572; Dec. Dig. ☞283.]

Appeal from District Court, Montgomery County; L. B. Hightower, Judge.

Action by the Port Huron Engine & Thresher Company against John G. McGregor and others. Judgment for defendants, and plaintiff appeals. Affirmed.

S. A. Crawford, of Conroe, for appellant. A. L. Kayser, of Conroe, for appellees.

McMEANS, J. Plaintiff, Port Huron Engine & Thresher Company, instituted this suit against John G. McGregor, J. O. H. Bennette, and John C. Williams, as principals, and H. C. Addison and R. E. McKibbin, Jr., as sureties, on a certain supersedeas bond for damages. It was alleged that plaintiff, on July 31, 1908, recovered a judgment in the district court of Montgomery county against one S. W. Perkins for the sum of $2,466.56 and for foreclosure of a mortgage lien on certain machinery and appliances, and especially a 26 horse-power steam traction engine, said judgment of foreclosure alleged to have run against John G. McGregor, J. O. H. Bennette, and John C. Williams, defendants in this cause; that said three last-named defendants prosecuted an appeal to the Court of Civil Appeals at Galveston. Plaintiff further alleged: That this judgment of foreclosure as against said traction engine was prevented from being carried into execution by sale of said engine under an order of sale issued on the 1st day of September, 1908, by reason of said defendants, McGregor, Bennette, and Williams, as principals, and Addison and McKibbin, Jr., as sureties, executing and filing a supersedeas bond payable to the defendants in said first-named cause, conditioned that said McGregor, Bennette, and Williams, as plaintiffs in error in said cause— "shall prosecute their writ of error with effect, and in case the judgment of the Supreme Court or the Court of Civil Appeals shall be against them, they will perform its judgment, sentence or decree and pay all such damages as said court may award against them; and that said plaintiffs in error in case said judgment is affirmed, pay [to the defendants in error in said suit] the value of the rent or hire of said engine in any suit which may be brought therefor."

That said bond was filed on the 12th day of September, 1908, and superseded and prevented the execution of the judgment of foreclosure in said cause. Plaintiff alleged a breach of conditions of said bond, in that defendants in said suit did not prosecute their writ of error with effect, in that the Supreme Court of Texas (131 S. W. 398) about the 2d day of November, 1910, affirmed the judgment of the district court of Montgomery county, and alleged that the defendants did not perform the judgment of the Supreme Court as stipulated in said supersedeas bond. Plaintiff alleged that sale under the judgment of foreclosure, after the Supreme Court had affirmed the judgment of the district court of Montgomery county, was made on the 20th day of July, 1911, at which said traction engine brought the sum of $500.01. Based on the foregoing facts plaintiff alleged damages in three separate alternative counts:

(a) Plaintiff prayed to recover the difference between the judgment in the suit referred to, to wit, $2,466.56, and the sale price of the traction engine, $500.01; that is, the sum of $1,965.55 with legal interest thereon from the date of said judgment July 31, 1908.

(b) In the alternative plaintiff prayed for the recovery of the difference between the value of the traction engine at the time of the execution of said supersedeas bond, September 13, 1908, and its value at the time it was sold under said judgment of foreclosure, July 20, 1911, which difference was alleged to be $1,499.99.

(c) Plaintiff, in further alternative prayer sought to recover the value of the rent, hire, and use of said traction engine from the 12th day of September, 1908, to the filing of

---

the mandate of the Supreme Court in the district court of Montgomery county, June 16, 1911.

(d) Plaintiff also prayed for further damages against the defendants McGregor, Williams, and Bennette in the sum of $700 for the "careless way in which they allowed said engine to stand out and take the weather, and exposed to the sun and rain."

The court sustained defendants' exceptions to the damages alleged as described in paragraphs (a), (c), and (d) above, of which no complaint is made in plaintiff's motion for new trial, nor on this appeal. No recovery of interest on the value of the engine was sought by plaintiff. The case was tried before the court without a jury, and resulted in a judgment for defendants, from which the plaintiff has appealed.

In accordance with the request of the plaintiff the trial judge reduced to writing and filed his findings of fact, which we here copy:

"First. I find that plaintiff recovered judgment in the district court of Montgomery county against S. W. Perkins on the 31st day of July, 1908, with foreclosure of a mortgage lien on certain property, including a Port Huron 26 horse-power traction engine, as against the defendants John G. McGregor, John C. Williams, and J. O. H. Bennette.

"Second. I find that said last-named defendants, as principals, and defendants H. C. Addison and R. E. McKibbin, Jr., as sureties, executed and filed a supersedeas bond, superseding said judgment for foreclosure, and that sale thereunder of said traction engine was prevented by the making and filing of said bond, substantially as alleged in plaintiff's third amended original petition.

"Third. I further find that said John G. McGregor, J. O. H. Bennette, and John C. Williams, as principals on said supersedeas bond and defendants in said suit, prosecuted their writ of error, and that the Supreme Court of Texas, about June 16, 1911, affirmed the judgment of the district court of Montgomery county, reversing the judgment of the Court of Civil Appeals, which said last-named judgment reversed and rendered the judgment of the district court of Montgomery county, and further find that the mandate of the Supreme Court so affirming the judgment of the district court of Montgomery county as aforesaid was filed in the district court of Montgomery county on June ———, 1911.

"Fourth. I find that sale was made under the judgment of foreclosure on the 20th day of July, 1911, and that said traction engine brought, at said sale, the sum of $500.01.

"Fifth. I further find that the preponderance of the testimony shows that said Port Huron 26 horse-power traction engine was worth more on the market at the time it was actually sold than it was on the 12th day of September, 1908, when its sale was prevented by the filing of the supersedeas bond.

"And I further find that the price at which said traction engine sold on the ——— day of ———, 1911, is probably a larger sum than it would have brought had sale been made in September, 1908.

"And I further find that the actual value of said engine, for the use to which it could be put in Montgomery county, was greater when sale was actually made in ———, 1911, than was the case in September, 1908.

"Sixth. I, therefore, find that plaintiff was not damaged by reason of the filing of the su-

**174 S.W.—54**

persedeas bond and the postponement of the sale."

Appellant by its first assignment of error complains of the action of the court in rendering judgment for the defendants, the contention being that the evidence showed that there was a deterioration of the engine in question, and that damages naturally and proximately resulted to appellant by the defendants withholding the engine from appellant without lawful right.

Appellant, on January 12, 1907, sold the engine to S. W. Perkins on credit, taking a mortgage upon it to secure the payment of the purchase money. By this transaction the legal title passed to Perkins.

[1, 2] In the suit afterwards filed by appellant the mortgage lien was foreclosed, and thereafter the appellees, McGregor, Bennette, and Williams, who had been made parties defendant in the foreclosure proceedings, appealed, suspending the execution of the judgment by giving a proper supersedeas bond. The case was finally determined in 1911 in favor of appellant, and the decree of foreclosure was then executed by the sale of the engine under an order of sale issued out of the trial court. The question at issue in the present case is whether the engine would have sold for a greater amount if the execution of the judgment had not been suspended by the giving of the supersedeas bond than it did sell for. If so, then appellant's damage would have been the difference between the amount it would have sold for and the amount it did sell for, if the damages sought were such as could have been recovered upon the bond, a question we are not called upon to decide. We have examined the testimony in the record and find there is ample evidence to support the findings of the trial judge that the engine was worth more on the market at the time it was sold than it was on the 12th day of September, 1908, when its sale was prevented by the filing of the supersedeas bond, and the price for which it actually sold was probably a larger sum than it would have brought had sale been made in September, 1908. The explanation of this, as made by some of the witnesses, is, in effect, that the panic of 1907 and 1908, producing as it did a great stringency in the money market, lessened the price of all commodities, and especially of lumber; that the engine was purchased for the purpose of being used in the manufacture of lumber, and that there was no other practical use in that section to which it could be applied; that there was but little demand for lumber, hence the engine, in the circumstances, could not have been sold to advantage at that time; whereas, in 1911, when it was sold, the panic was over, money was more plentiful, the demand for lumber greater, and in consequence the engine brought more than it would have sold for had the sale taken place in 1908. There was testimony that would have justified the finding

that the engine would have sold for a larger sum in 1908 than it did in· 1911, but this amounted to only a conflict in the evidence, and the conflict was settled by the court in favor of appellees.

Even if the evidence, as contended by appellant, shows that between the time the sale was prevented by the execution of the supersedeas bond and the time of the sale the engine deteriorated from use, this of itself would not give rise to a cause of action in favor of appellant, if it be a fact, as the court found, the market value of the engine at the time of the sale was greater than when the judgment was suspended by the bond; and if it be a fact, as the court found, it probably sold for more than it would have brought had the judgment not been superseded. The assignment is overruled, as is also the third assignment, which presents substantially the same point in a different form.

[3] The second assignment complains that the court erred in not allowing interest at the legal rate on the value of the engine from the time defendants took charge of the same upon the execution of the supersedeas bond in September, 1908, until the same was returned in June, 1911. Appellant in its petition did not seek a recovery of interest. The question then arises, Is appellant entitled to interest as a matter of law from the time of the execution of the supersedeas bond? Appellant relies on the cases of Railway v. Jackson, 62 Tex. 209, and Heidenheimer v. Ellis, 67 Tex. 426, 3 S. W. 666, neither of which supports its contention. We shall not enter into a discussion of the question generally as to when interest is allowed as a matter of law, but will content ourselves with the statement that neither the cases cited nor any of those that we have seen has interest eo nomine, or by way of mulct or punishment, been allowed under facts similar to the facts in this case. The appellant was not the owner of the engine, for he had parted with the title when he sold it to Perkins, nor was he entitled to the possession upon the foreclosure of his mortgage. It was a mere mortgagee, and was not therefore deprived of the possession of property, as in case of conversion. Its only right was to have it sold in order that the proceeds of the sale should be applied upon the payment of its debt; and the fact that the defendants, who were not its debtors, nor with whom did appellant have any contractual relation, by giving the supersedeas bond suspended the execution of the judgment until their right to it, as asserted in the trial court, could be determined on appeal did not render them liable to the payment of interest as a punishment for delinquency or injustice. Watkins v. Junker, 90 Tex. 584, 40 S. W. 11. Certainly appellant, under the facts of this case, was not entitled to interest in the absence of any claim therefor in its pleadings. Railway v. Poyner, 109 S. W. 1004. The assignment is overruled. We think the judg-

ment of the court should be affirmed; and it has been so ordered.

Affirmed.