## Butler v. Jackson, Trustee.

(Decided March 26, 1920.)

### Motion for Damages on Supersedeas Bond.

1. Appeal and Error.—Supersedeas Bond—Damages.—Damages on a supersedeas bond will only be awarded in cases where the judgment is for the payment of money, and may be enforced by execution or similar process.

2. Appeal and Error—Supersedeas Bond—Damages.—Where the whole of a money judgment, payable in installments, has been superseded, damages will go not only on the amount due before the execution of the bond, but on the amounts due after the execution of the bond, if the collection of these after due sums could be enforced by execution or similar process.

3. Appeal and Error—Supersedeas Bond—Damages.—Where there is a final judgment for a definite sum of money, it is not necessary to authorize the issual of an execution for its collection when due that the judgment should so provide or direct, as section 1650, of the Kentucky Statutes, provides for the issual of an execution in such cases.

4. Appeal and Error—Supersedeas Bond—Damages—Form of Judgment.—The fact that in a judgment the court reserved the right to make such orders in the case as may thereafter be necessary, did not affect that part of the judgment that directed the payment of a specified sum of money on a mentioned day.

5.  Judgment—Execution—When May Issue.—Where a judgment
    "ordered and directed" the payment of a specified sum of money
    on a certain day, an execution might be issued for its collection,
    although the judgment did not in so many words provide.

CHARLES H. RODES, NELSON D. RODES and GEORGE E.
STONE for appellant.

C. C. BAGBY and C. C. FOX for appellee.

OPINION BY CHIEF JUSTICE CARROLL—Awarding damages.

On January 24, 1919, the Boyle circuit court rendered in this case a judgment, the pertinent parts of which are as follows

"It is ordered and adjudged by the court that the said Henry Jackson, as trustee, is entitled to the relief sought in the petition herein, and the defendant, J. L. Butler, is now ordered and directed to accept the deed tendered herein and executed by said Henry Jackson as trustee and the Dillehay Brick Company to said J. L. Butler, carrying out said sale of said property according to the terms thereof, and also to pay to said Henry Jackson the sum of $6,066.66, with interest from the 16th day of September, 1918, and also to make and execute and deliver to said Henry Jackson as trustee aforesaid his two promissory notes each for the sum of $6,066.66 and both notes to be dated September 16, 1918, and both said notes to bear interest from said date until paid, and one of said notes to be due and payable in six months from the date thereof, and the other to be due and payable in twelve months from the date thereof, and both of said notes to be secured by lien on the property of said Dillehay Brick Company sold at public auction by said Henry Jackson as trustee as above stated, and purchased by said Butler.

"And the defendant, J. L. Butler, refused and declined to accept said deed and refused and declined to pay said cash above mentioned or to make and execute said notes above directed to be executed, and the said defendant, J. L. Butler, having refused and declined to carry out the terms of said sale or to comply therewith, it is now ordered and adjudged by the court that the plaintiff, Henry Jackson, as trustee, recover of the defendant, J. L. Butler, the sum of $6,066.66, with interest thereon at the rate of six per cent per annum from the 16th day

of September, 1918, until paid, and for which said plaintiff may have execution as provided by law, and the said defendant, J. L. Butler, is further ordered and directed to pay to said Jackson as trustee, on the 16th day of March, 1919, the sum of $6,066.66 with interest from the 16th day of September, 1918, until paid, and said defendant, J. L. Butler, is also ordered and directed to pay to said Henry Jackson as trustee on the 16th day of September, 1919, the sum of $6,066.66 with interest from the 16th day of September, 1918, until paid. And the plaintiff will recover of defendant all his costs herein.

"And this court reserves its right hereinafter to enter in this cause such orders and judgments as may be necessary to effectuate and carry out and have the defendant comply with this judgment in every detail.

"And to all said judgment above set out and to each and every part thereof, the defendant, J. L. Butler, excepts and prays an appeal to the Court of Appeals, which is granted."

Thereafter on January 31, 1919, Butler executed in the Boyle circuit court a supersedeas bond, the pertinent parts of which are as follows:

"Whereas, said appellant, J. L. Butler, has taken an appeal from the judgment of the Boyle circuit court rendered on the 25th day of January, 1919, against him in favor of the appellee for the sum of six thousand and sixty-six and 66/100 dollars, with 6% interest thereon per annum from September 16th, 1918, until paid, and the further two sums of $6,066.66 each, which are directed to be paid on March 16th, 1919, and September 16th, 1919, with interest from September 16th, 1918, until paid; and the appellant desires to supersede the collection of the said judgment above mentioned and rendered in the consolidated cases of Henry Jackson, as trustee, etc. v. J. L. Butler, and J. L. Butler, appellant v. Henry Jackson, as Trustee, etc.. appellee."

On the same day an order of supersedeas was issued and executed.

On February 27, 1920, this court affirmed the judgment of the Boyle circuit court, and this motion is made by Henry Jackson, trustee, to award damages on the supersedeas bond.

It will be noticed that the judgment of the Boyle circuit court provided that "the plaintiff, Henry Jackson, as trustee, recover of the defendant, J. L. Butler, the

sum of $6,066.66, with interest thereon at the rate of 6% per annum from the 16th day of September, 1918, until paid, and for which said plaintiff may have execution, as provided by law;'' and on this sum it is confessed that Jackson, as trustee, is entitled to damages. The right, however, to damages on the sums that Butler was ''ordered and directed to pay to said Jackson, as trustee,'' on the 16th day of March, 1919, and on the 16th day of September, 1919, is contested.

It is provided in section 764, of the Civil Code, that ''upon the affirmance of, or the dismissal of an appeal from, a judgment for the payment of money, the collection of which, in whole or part, has been superseded, as provided in chapter 2 of this title, 10 per cent damages on the amount superseded shall be awarded against the appellant,'' and it has been written in many cases that damages will only be awarded in cases where the judgment is for the payment of money and may be enforced by execution or similar process.  Worsham v. Lancaster, 104 Ky. 813; Bell v. City of Lexington, 124 Ky. 463; Maret v. Saunders, 141 Ky. 366; Kelly v. Kelly, 183 Ky. 576.

It will, therefore, be seen that whether damages should be awarded depends on whether the judgment for the sums due in March and September, 1919, could be collected by execution without further order of court, if they or either of them were not paid at the time they were ''ordered and directed'' by the judgment to be paid. If Jackson, as trustee, was entitled to have the clerk of the Boyle circuit court issue executions for these amounts upon the failure to pay them when due, if no supersedeas bond had been executed and supersedeas issued, it is, of course, clear that damages should go under the section of the Code and the opinions of this court, because if he was entitled to executions, his right to have them was obstructed by the supersedeas bond.

It will be observed that one of these payments was due and collectible by execution before the supersedeas bond was executed, but that the other two were not due or collectible for some months after the execution of the bond.  But where the whole of the judgment has been superseded, the party whose right to collect the money judgment by execution is obstructed by the bond and supersedeas, he is entitled to damages not only on the amount due by the judgment before the execution of the

bond, but on the amounts due after the execution of the bond, if the collection of these after due sums should be enforced by execution or similar process.

So that as we look at the matter, the question comes down to the single inquiry, could these amounts directed to be paid at a time after the supersedeas bond had been executed be collected by execution upon the failure to pay them without further order of court?

The answer to this question is we think found in section 1650, Kentucky Statutes, providing that "if a final judgment *in personam* be rendered in any court of record in this Commonwealth for an ascertained sum of money, with interest and cost, or for either, a *fieri facias* may issue thereon."

Here there was a final judgment against Butler for a definite sum of money, and it was not necessary to authorize the issual of an execution for its collection when due that the judgment should have so provided or directed. The statute by its very terms gives the right to the execution. It is true that in the judgment, the lower court reserved the right to "hereinafter enter in this cause such orders and judgments as may be necessary to effectuate and carry out and have the defendant comply with this judgment in every detail."

But it is plain that this sentence in the judgment was not inserted for the purpose or with the intention of affecting in any manner or form that part of the judgment that ordered and directed Butler to pay on specified dates the sums of money mentioned in the judgment. It is quite a usual practice to add at the end of a judgment in an equity case words like these so that the court may retain such control of the case as may be necessary to meet contingencies that may come up after the entry of the judgment.

Our attention is called by counsel for Butler to the case of Popp v. L. & N. Railroad Co., 101 Ky. 157, but the question in that case has no relevancy to the one presented in this case. There the only matter before the court was whether Popp was entitled to damages on the interest that had accrued on the superseded judgment between the time it was entered and the time of its affirmance by this court. The court held that damages should only be allowed on the amount of the judgment at the time it was superseded.

In Kelly v. Kelly, 183 Ky. 576, we had a question very similar to the one here involved, and if authority was needed the Kelly case would be controlling. Other pertinent cases are: Rennabaum v. Atkinson, 20 Ky. Law Rep. 254; Robinson-Norton & Company v. Corsicana Cotton Factory, 126 Ky. 75; Cunningham v. Clay, 132 Ky. 129.

It is, therefore, ordered that damages be allowed on the whole amount of the judgment at the time it was superseded.