# Farmers' National Bank of Somerset v. Dodson.

(Decided March 21, 1930.)

W. O. HAYS for appellant.

W. N. FLIPPIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Setting aside order of dismissal.

On February 11, 1930, appellee filed a copy of the judgment and copy of the supersedeas bond that was executed in the court below with the clerk of this court, accompanied with a motion to dismiss the appeal granted by the trial court, with damages, and which motion was sustained on February 18 thereafter. At that time no supersedeas had been issued by the clerk of the Pulaski circuit court who took the supersedeas bond, and none was issued by him until March 6, 1930. Appellant entered a motion to set aside so much of the order as allowed damages, upon the ground that at the time it was made no *supersedeas* had been *issued,* and for which reason no damages were allowable, although the judgment had been superseded, and which was so held by this court in the cases of Wadsworth Stone & Paving Co. v. Whalin, 143 Ky. 357, 136 S. W. 624; Trustees Eddyville Graded School v. Board of Education, 138 Ky. 180, 127 S. W. 767; Id., 140 Ky. 676, 131 S. W. 504; Wilson v. Hite's Ex'r, 154 Ky. 61, 157 S. W. 41; Kelley v. Kelley, 183 Ky. 576, 209 S. W. 335; and Butler v. Jackson, 187 Ky. 555, 219 S. W. 1082.

The motion to set aside is resisted by counsel for appellee upon the ground that the order of dismissal of

February 18 did not become final until thirty days thereafter, excluding holidays, following the practice applicable to final disposition of regular appeals to this court, and that it was competent for the clerk of the circuit court to issue a supersedeas at any time during that thirty days, and which he did on March 6, and for that reason the damages should be allowed. The cases relied on to sustain that contention are U. S. Fidelity & Guaranty Co. v. Citizens' Bank of Monticello, 143 Ky. 699, 137 S. W. 240, and Kelley v. Kelley, 183 Ky. 576, 209 S. W. 335, but they are not in point, since the motions therein to set aside the order allowing damages were neither made nor passed on at the time the supersedeas was issued by the clerk of the trial court. When on February 18 the appeal herein, granted by the court below, was dismissed upon motion of appellee under the right conferred upon her by numerous cases from this court, the transcript had not been filed in this court by the appellant; but the procedure in this case was taken entirely by the appellee for the purpose of procuring a dismissal of the appeal granted by the trial court, followed by 10 per cent. damages. When that motion was sustained, no supersedeas having been issued, the appellee was not entitled to damages, and the order of dismissal gave all the relief to which she was entitled at the time, and put the case out of this court, except its jurisdiction over any order made therein throughout the term of court in which it was made.

There has been no motion by any one to set aside the order of dismissal, nor does it appear that there are any grounds therefor, and, when it was entered, it became final, unless modified during the same term of court upon sufficient grounds, and its finality was not suspended for the thirty days insisted on by counsel for appellee. The distinction between this case and the 143 Kentucky case, supra, was and is that the supersedeas in that case was issued *before* any order of dismissal; whereas in this case it was issued *after* such dismissal. The Kelley case, supra, was an appeal duly and regularly prosecuted by the appellant. The judgment was affirmed, but at that time no supersedeas had been issued by the clerk of the circuit court who took the supersedeas bond pursuant to an appeal granted by the trial court. He, however, did issue a supersedeas before the judgment of affirmance became final, i. e., within less than thirty juridical days thereafter, and during which time

the case was still pending in this court before a mandate could issue. As we have seen, no mandate is required to put into effect the order of dismissal in this case, which was made at the behest of appellee on February 18. No mandate being required for that purpose, the facts are essentially different from those involved in the Kelley case.

Appellee having no right to damages at the time of the dismissal for the reasons stated, and there being neither motion nor grounds for setting aside the order of dismissal, it results that the allowance of damages therein was erroneous and improper, and so much of the order of dismissal as allowed damages is now set aside, but the order of dismissal will remain in full force and effect.