Elizabeth G. SOTAK, Appellant,

v.

Michael Joseph SOTAK, Appellee.

Court of Appeals of Kentucky.

Nov. 3, 1967.

Wheeler B. Boone, Lexington, for appellant.

Harry B. Miller, Jr., Miller, Griffin & Marks, Lexington, James F. Clay, Clay & Clay, Danville, for appellee.

EDWARD P. HILL, Judge.

By this appeal, Elizabeth G. Sotak contends (1) the chancellor was clearly erroneous in refusing to restore certain property she claims to have acquired by gift or inheritance from relatives, and (2) that the judgment appealed from is erroneous in that it divested her of property "conveyed" to or placed in her name by the husband for a valuable consideration. Appellant has

moved this court to dismiss the appellee's appeal or cross-appeal for failure to comply with RCA 1.070 or 1.080.

First to the motion to dismiss appellee's attempted appeal, be it a direct or cross-appeal. Inasmuch as the only "question presented" by appellee relates to the amount of attorney fee adjudged against him, and in view of our conclusion that the amount of such fee is not excessive, we deem it unnecessary to rule on appellant's motion to dismiss the appeal.

It is shown in this divorce action, instituted by the wife, appellant herein, that the parties were married in April 1939. At the time of the commencement of the action she was sixty years of age, and he was fifty-five. Two children were born to this marriage (a married daughter, who is the older, and a son sixteen years of age). The marriage was solemnized in New York state, where a large part of their married life was spent. Elizabeth was a dutiful homemaker. Michael started from the "bottom" with Canada Dry Corporation. At the time of the trial of this case, he occupied a prominent position as one of the vice-presidents of the company with annual salary, including bonuses, of approximately $32,000.

At the time of their marriage, appellant possessed money and personalty of about $1,000, while appellee owned an automobile and practically nothing more. Appellant contends she was virtually given $3,900 by her aunt and mother and in addition inherited $4,650 in cash and securities. She claims from her personal estate thus acquired and from accumulation she had in savings accounts $14,847.27 at the time of trial.

Several years prior to moving to Kentucky, the parties hereto consulted an "estate planner," and pursuant to his suggestions they made certain transfers of their money and property. Appellant contends those transfers were and are irrevocable and that the chancellor was powerless to disturb them.

During their marriage appellee was liberal with his allowance to appellant. For some time prior to their estrangement he allowed her $1,000 monthly for household expenses and to use as she saw fit. She was frugal with this allowance, at times depositing part of it in either her savings account or in their joint savings account.

The judgment in addition to granting appellant an absolute divorce and custody of the son adjudged her the sole owner of their home at 340 Andover Drive, Lexington, Kentucky, purchased for $42,580. The house was impressed with a mortgage on which $13,500 was still due. The chancellor found the market value of this home to be $41,950.80, making appellant's equity worth $28,450.80.

During the period the parties resided in New York, they owned a town house and a summer home, both of which were sold at substantial profit. Appellee contends he personally performed a large remodeling job on the summer home, resulting in a profit on it of $12,000.

The judgment appealed from divided the savings accounts equally between the parties and required appellant to transfer to appellee half of the total savings.

Appellee was adjudged life insurance policies carried upon his own life having values totaling $13,296.68. He also was adjudged "photo" equipment worth $3,000, a Buick car valued at $2,500, and tools worth $500.

Left undisputed in appellant's name was stock in AT&T worth $10,410 and in Union Carbide worth $1,010. She was also adjudged jewels and furs valued at $5,374 and household goods at $4,500.

Appellee was adjudged the owner of stock in Canada Dry Corporation valued at $17,475.00 and debenture bonds of a value of $1,800.

In addition to the allowance of a lump sum alimony in the form of real estate equity and other property above referred

to, the chancellor allowed her periodic alimony of $500 per month and $250 per month for the benefit of the son. Cf. Hall v. Hall, Ky., 380 S.W.2d 231 (1964).

It is apparent from the thorough and painstaking opinion and judgment of the chancellor that a fair and equitable division has been made of the property of the parties. The chancellor has untangled a backlash created by the parties over a period of at least twenty-six years. Certainly this court cannot say the judgment is clearly or at all erroneous.

The judgment is affirmed.

All concur.