Michael Joseph SOTAK, Appellant,

v.

Elizabeth G. SOTAK, Appellee.

Court of Appeals of Kentucky.

March 7, 1969.

Robert S. Miller, Miller, Griffin & Marks, Lexington, James F. Clay, Sr., Danville, for appellant.

Wheeler B. Boone, Lexington, for appellee.

MONTGOMERY, Chief Justice.

The question is: What damages are recoverable under a supersedeas bond?

In Sotak v. Sotak, Ky., 420 S.W.2d 567, the judgment dividing certain property between the parties here following a divorce was affirmed. Elizabeth G. Sotak had executed a supersedeas bond and had retained possession of certain property, including life insurance policies upon the life of Michael Joseph Sotak having cash values totaling $13,296.68, a Buick car worth $2,500, and stock in Canada Dry Corporation worth $17,475. Upon affirmance, Michael Joseph Sotak was denied any recovery for damages under the supersedeas bond on these items. He urges that he should recover the depreciation in the value of the automobile from the time of the original judgment to that of the final judgment and order of delivery, interest on the value of the insurance policies withheld, and ten per cent penalty upon the value at the time of judgment of the three items of personal property wrongfully withheld.

CR 73.04 concerns the provisions of a supersedeas bond and provides in part that when the judgment determines the disposition of the property in controversy " * * * as in real actions or replevin, or when such property is in the custody of the sheriff, or when the proceeds of such property * * * is in the custody or control of the court, the amount of the supersedeas bond shall be fixed at such sum only as will secure the amount recovered for the use and detention of the property, the costs of the action, costs on appeal, interest, and damages for delay."

The chancellor held that on a savings account and on certain dividends to which Michael was entitled, he should collect six per cent interest and ten per cent penalty under the supersedeas bond. Damages were denied on the Canada Dry stock, certain debentures, and the insurance policies because the property had been returned to Michael and there had been no showing that he had been damaged by "the detention of the property." Damages were denied on the car because the chancellor held that only damages for the wrongful detention of the car were recoverable and that the "natural

depreciation" of the car was not waste or injury within the meaning of compensatory damages. Michael had shown that the car had depreciated in value $1,065 pending the appeal. The car was returned to him upon affirmance of the judgment.

CR 73.04 covers three types of judgments in which a supersedeas bond may be executed. The question presented concerns the damages recoverable upon the bond as executed and covered by the third type of judgment set forth in the above-quoted portion of CR 73.04.

■ Elizabeth and her surety covenanted to pay to Michael " * * * all costs and damages that may be adjudged against the Appellant on the appeal; also that he (sic) will satisfy and perform the said judgment * * * appealed from if it should be affirmed, and any order or judgment which the Court of Appeals may render or order to be rendered by the inferior court, not exceeding in amount or value the original judgment; and also pay all rents, hire or damages to property during the pendency of the appeal of which the appellee is kept out of possession by reason of the appeal." A supersedeas bond by its terms is a covenant to pay the judgment and to pay all damages and costs. Wheeler v. Rea, Ky., 306 S.W.2d 294.

■ The covenant to pay "all rents, hire and damages," etc., is a carry-over from Civil Code Section 748. In Moss v. Smith, Ky., 361 S.W.2d 511, it was held that such language from Civil Code Section 748 was embodied in CR 73.04. It is noted that while Civil Code Section 748 provided for the payment of "all damages" resulting from the detention, CR 73.04 provides for the recovery of "damages for delay." The intent of both provisions was to provide a means of compensating an appellee upon an affirmance for the damages suffered between the entry of judgment and its affirmance which otherwise would not have been suffered but for the appeal. 4A C.J.S. Appeal and Error § 625, pages 419–420;

Louisville Trust Company v. National Bank of Kentucky, D.C., 3 F.Supp. 925.

In Welch v. Welch, 106 Ky. 406, 50 S.W. 687, 20 Ky.Law Rep. 1990, it was held that "all damages" covered a loss resulting from the deterioration in value pending the appeal of certain shares of stock. The stock was worth $750 at the time of judgment but was worthless at the time of the affirmance of the judgment.

In Wheeler v. Tackett, Ky., 339 S.W.2d 646, it was held that the measure of damages for obstruction of a passway is the diminution in value of the use of the property during the time the obstruction continued. The supersedeas bond in Wheeler contained a covenant to pay "all damages."

■ In 5B C.J.S. Appeal and Error § 2072, page 713, it is stated that "The measure of damages, if any, recoverable on a supersedeas bond staying execution of a judgment of foreclosure against personal property is the difference between the amount the property would have sold for when the bond was given and the amount it did sell for." Port Huron Engine & Thresher Company v. McGregor, Tex.Civ. App., 174 S.W. 848. Here, it was shown that the value of the Buick car was $2,500 when the bond was executed and $1,435 upon affirmance. While this shows the amount the car depreciated in value, it represents the deterioration in value pending the period covered by the bond and falls within the category of "all damages." Had the car been destroyed in toto, its entire value as determined in the judgment would have been recoverable. Cunningham v. Clay's Adm'r, 132 Ky. 129, 116 S.W. 299; Welch v. Welch, 106 Ky. 406, 50 S.W. 687, 20 Ky.Law Rep. 1990. Hence, it is concluded that the appellant here is entitled to recover the difference in value of the car shown to be $1,065.

■ The chancellor denied Michael any damages for the wrongful detention of the insurance policies, the contention then being that Michael had been denied the right to change the beneficiaries. He now claims that the cash values of the policies are analogous to cash and that he should receive six per cent interest thereon, his theory being that he could have invested or loaned the money. There is nothing in the record to show what Michael could or would have done with the policies, and we are unwilling to speculate. There was no showing of damages by reason of the detention of the stock, debentures, or insurance policies, hence no recovery.

■ Michael also claims ten per cent damages allowable under KRS 21.130 upon the values of the stock, debentures, insurance policies, and the car. KRS 21.130, in pertinent part, provides that upon affirmance of an appeal, " * * * where the appeal is from a judgment for the payment of money, the collection of which, in whole or in part, has been superseded, as provided in the Rules of Civil Procedure, ten per cent damages on the amount superseded shall be awarded against the appellant." In Solter v. Sandy Valley Grocery Company, Ky., 352 S.W.2d 816, it was held that such damages are in the nature of a penalty for having delayed the successful litigant from sooner collecting his debt. It was described as a panacea for the law's delay. See also Baker v. Fidelity & Deposit Company of Maryland, Ky., 355 S.W.2d 150. The supersedeas penalty attaches to the amount of the judgment affirmed. Beckman v. Time Finance Company, Ky., 334 S.W.2d 898.

■ Here, Michael received the car upon affirmance and sought damages under the bond. It is noted that KRS 21.130 provides a penalty only on the judgment superseded. The return of the car satisfied that portion of the judgment. However, the allowance of damages, as contrasted with the statutory penalty, was sought after the judgment; hence, it was not superseded. Accordingly, the ten per cent penalty does not attach to the allowance of damages for the detention obtained after an affirmance. Cf. Butler v. Jackson, 187 Ky. 555, 219 S.W. 1082.

The judgment is affirmed except that it is reversed to the extent that it denied the appellant here recovery of damages of $1,065 for the detention of the car.

HILL, MILLIKEN, OSBORNE, PALMORE and STEINFELD, JJ., concur.

REED, J., not sitting.