**TAYLOR BUILDING CORPORATION OF KENTUCKY, Appellant,**

v.

**James L. BOUTCHER and Jymee P. Boutcher, Appellees.**

**No. 92–CA–419–MR.**

Court of Appeals of Kentucky.

Aug. 21, 1992.

John M. McCarty, Hawesville, for appellant.

Paul L. Madden, Hawesville, for appellees.

Before LESTER, C.J., and HUDDLESTON and WILHOIT, JJ.

HUDDLESTON, Judge.

James L. Boutcher and Jymee P. Boutcher move the Court for intermediate relief pursuant to CR 76.33, seeking reversal of a Hancock Circuit Court order denying their motion to declare void a supersedeas bond posted by Taylor Building Corporation.

For reasons hereinafter set forth, the motion for intermediate relief is granted.

On January 3, 1992, pursuant to a jury verdict, Hancock Circuit Court entered judgment for the Boutchers in the amount of $15,000.00. On February 13, 1992, Taylor Building Corporation, the losing party at trial, filed a notice of appeal. Taylor sought to stay the execution of the judgment against it by posting a supersedeas bond. The bond was accompanied by an irrevocable standby letter of credit issued by Liberty National Bank and Trust Company of Louisville, which provides in pertinent part, as follows:

> We hereby establish our Irrevocable Letter of Credit in your favor for the account of Taylor Building Corp. of Kentucky for a sum or sums not exceeding in all USD 18,850.00 available by your draft(s) drawn on us at sight when accompanied by:
>
>> An Order of the Hancock Circuit Court, stating that the Plaintiff is entitled to receive the judgement [sic] amount plus approved court costs and interest.
>
> Your draft(s) drawn under this credit must be marked: 'Drawn under Letter of Credit No. S–5687 of the Liberty National Bank & Trust Co. of Louisville, Kentucky dated 18 Feb. 1992.' This Letter of Credit will expire on 18 Feb. 1993. The original Letter of Credit must be returned with any drawing for endorsement or for cancellation prior to the current expiration date.
>
> We hereby agree with you that drafts drawn under and in compliance with the terms of this credit will be duly honored as specified if presented at this office ... on or before the expiration date.
>
> Except as otherwise expressly stated herein, this credit is subject to the Uniform Customs and Practice for Documentary Credits (1983 Revision), International Chamber of Commerce Brochure No. 400.

The Boutchers argue that the supersedeas bond posted by Taylor is invalid because the letter of credit which accompanies it

does not provide adequate security according to the requirements of CR 73.04.

CR 73.04(1) provides, in part:

> Whenever an appellant entitled thereto desires a stay on appeal, as provided in Rule 62.03, he may present to the clerk or the court for approval an executed supersedeas bond *with good and sufficient surety.* (Emphasis supplied.)

 A supersedeas bond is a "bond required of one who petitions to set aside a judgment or execution and from which the other party may be made whole if the action is unsuccessful." *Black's Law Dictionary* 1289 (5th ed. 1979). See *Sotak v. Sotak,* Ky., 438 S.W.2d 490, 491 (1969). The Boutchers reason that the letter of credit does not adequately guarantee that the judgment entered in their favor will be satisfied in full in the event that they prevail on appeal. We agree.

A letter of credit is an "engagement by a bank or other person made at the request of a customer ... that the issuer will honor drafts or other demands for payment upon compliance with the conditions specified in the credit." KRS 355.5–103(1)(a). In actuality, it is the third contract in a group of three contracts. The first contract reflects an agreement between the issuer and its customer to issue the letter of credit. The second contract is between the customer and the beneficiary. The third contract, between the issuer and the beneficiary, provides that the issuer, on presentation of certain documents, will make payment to the beneficiary. *Missouri Highway and Transp. Comm'n v. Morganstein,* 703 S.W.2d 894, 898 (Mo.1986).

 On the other hand, a surety is "[o]ne who undertakes to pay money or to do any other act in event that his principal fails therein." *Black's* at 1293. "A surety is usually bound with his principal by the same instrument, executed at the same time and on the same consideration. He is an original promisor and debtor from the beginning, and is held ordinarily to every known default of his principal." *Id.* The liability of a surety arises only upon the nonperformance of the underlying promise by the principal and is, therefore, secondary in nature. *Morganstein* at 898.

Thus, with a letter of credit, the customer need not default on the underlying obligation to compel the issuer to pay under the letter. "If the beneficiary tenders the appropriate documents, the issuer must honor the letter regardless of whether the underlying contract has been performed." *Id.*

We believe the Kentucky Rules of Civil Procedure require a true surety relationship between an appellant and his surety for a supersedeas bond to be valid. This is most apparent in CR 73.07, which provides, in pertinent part:

> By entering into a supersedeas bond, the surety submits to the jurisdiction of the court with which the bond is filed and liability may be enforced on motion without the necessity of an independent action. The motion shall be served on the surety as provided by Rule 5 at least 20 days prior to the date of the hearing.

By its language, CR 73.07 is applicable only in the context of suretyship. The purpose of the rule is to enforce the liability of the surety in a summary fashion. Bertelsman and Philipps, *Kentucky Practice,* CR 73.07, Comment 2 (4th ed. 1984). Such a procedure would be unavailable in the context of letters of credit in as much as the obligation to pay is triggered by the presentation of the appropriate documentation. Furthermore, "the summary procedure in question [is inappropriate in the context of letters of credit because it] treats the non-party surety as liable for the obligation of its principal, whereas the obligation of an issuer of a letter of credit is independent of that of its customer." *Morganstein* at 900.

Perhaps most importantly, the letter of credit in this case expires by its own terms after one year. It is not unusual for a case to pend for more than a year before a decision by this Court becomes final, particularly where a petition for rehearing is filed or a motion for discretionary review is

submitted to the Supreme Court. Because of this, the letter of credit in this case fails to insure that the Boutchers' judgment will be satisfied in full in the event it is affirmed by this Court after the date of its expiration.

Accordingly, the order of the Hancock Circuit Court determining that the supersedeas bond posted by Taylor Building Corporation is sufficient is reversed.

All concur.