CASE 5—ACTION BY S. D. McVEAN AGAINST EDWARD CALDWELL TO
RECOVER DAMAGES ON A TRAVERSE BOND.—NOVEMBER 15.

# Caldwell v. McVean.

APPEAL FROM CAMPBELL CIRCUIT COURT—A. S. BERRY, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. DISMISSED.

FORCIBLE ENTRY AND DETAINER—TRAVERSE BOND—DEFENSES—TITLE—
DAMAGES—RENTS AND PROFITS—APPEAL—JURISDICTION—AMOUNT
INVOLVED.

1. Since a forcible entry and detainer proceedings as authorized
by Civ. Code Prac., sec. 452, subsec. 2, in case of an entry
without the consent of the person having actual possession, does
not involve the title to the land in dispute, it was no defense to
a traverse bond executed by the defendant in such proceeding
that the plaintiff had no title to the property.

2. Civ Code Prac., sec. 464, provides that if the traverser in
forcible entry and detainer fail to prosecute his traverse with
effect, he and his surety on his bond shall be liable for dam-
ages for withholding the possession, as well as reasonable ex-
penses of the traversee. HELD, that, in an action on such
bond, the traverser was liable for the reasonable value of the
rents and profits of the land illegally detained.

3. Where only $100 damages was demanded in a suit on a traverse
bond filed in forcible entry and detainer proceedings, the amount
was insufficient to confer jurisdiction of an appeal on the court
of appeals.

M. R. LOCKHART, ATTORNEY FOR APPELLANT.

1. Our contention is that under the provisions of sec. 464, of
the Civil Code, while in an action upon a traverse bond the dam-
ages sought to be recovered by the traversee is confined to the
withholding the possession of the land and not to the right of
possession. We insist that the length of time the traversee may
be kept out of the possession by reason of the execution of the
traverse bond is to be considered in fixing the amount of dam-
ages by which a recovery may be had.

2. It is the contention of the appellee that all that can be
recovered under this section in the way of damages is attorney's
fee and expenses. We submit that under the plain provisions

Caldweil v. McVean.

of the Code, damages for the detention of the land should be considered and estimated in the recovery, as well as the fees and expenses.

JAMES C. & B. A. WRIGHT, ATTORNEYS FOR APPELLEE.

## QUESTIONS DISCUSSED.

The suit was covenant upon a traverse bond. The damage alleged, the rental value of land. The answer denied all damage, and pleaded affirmatively that appellant McVean during all the time covered by the claim for rent, was the legal title holder of the land. Appellant replied denying his ownership.

1. Appellees contend that the judgment was right, because appellant produced no evidence whatever to prove damage.

2. Appellees argue that the judgment is correct, because, upon the second issue they proved conclusively title out of appellant, and in the appellee McVean, covering the entire time sued for. That rents are incident to title, and that damages for withholding rents, can not come to one without title to them. Masterson v. Hayden, 17 B. Mon., 333; Drexel v. Mann, 2 Pa. St., 271; Newton v. Harland, 1 Manning and Granger, 664, 56 Rev. Rep., 488; Acklin v. Porkin, Smith's Lead. Cas., vol. 1, 826, and notes.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—DISMISSING.

The appellant, Edwin Caldwell, brought this action against the appellee, S. D. McVean, upon a traverse bond, executed pursuant to section 464 of the Civil Code of Practice, for the rental value of the land of which he had been illegally deprived by the forcible entry and detainer of appellee. The answer was in two paragraphs. The first denied all damages, and the second pleaded affirmatively that the defendant held the legal title to the land in controversy, and was entitled to the beneficial use thereof during all the time sued for. A general demurrer was interposed to the second paragraph of the answer, which was overruled. Appellant thereupon in his reply denied that appellee was the owner of the land. Upon the issues thus formed appellee introduced as proof his title papers, which conduced to support his claim of ownership. No testimony was introduced by either party

upon the defense relied on in the first paragraph of the an-
swer, and, the action being submitted to the court for trial
without the intervention of a jury, it was adjudged by the
trial court that as McVean was the legal title holder of the
land during all the time of the controversy between him and
appellant out of which the suit arose, no recovery could be
had  by appellant, and his petition was dismissed.   Motion
and grounds for a new trial having been overruled, he has
appealed.   It is not controverted by counsel for appellee that
a forcible entry and detainer proceeding under subsection 2
of section 452 of the Civil Code of Practice does not in any
wise involve the title to the land in dispute, but simply
whether the entry was without the consent of the person
having actual possession.   It is insisted that a different rule
prevails when an action had been instituted upon a traverse
bond; that in this class of actions title in the plaintiff is
essential to the recovery of rents or damages for depriva-
tion of the land by reason of the forcible entry and detainer.
It may be admitted that in some jurisdictions no damages
are recoverable in actions of this character, but we think
the general rule is that such damages as are the natural
and proximate result of the forcible entry and detainer may
be recovered from the traverser, and that the reasonable
value of the rents and profits of the land so illegally detained
is an element which should be taken into consideration in
estimating such damages.   See 13 A. & E. Ency. of Law
(2d Ed.) 773, and authorities cited.   But the question is
hardly an open one in this State, as section 464 of the Civil
Code of Practice expressly authorizes the recovery of dam-
ages for withholding the possession during the pendency of
the traverse in either the circuit court or court of appeals,
in addition to the reasonable expenses of the traversee in de-
fending the traverse.   We are therefore of the opinion that

the trial court should have sustained the demurrer to the second paragraph of appellee's answer, but, as the claim for damages is only for $100 and costs, this court has no jurisdiction to grant relief. The appeal is therefore dismissed.

Petition for rehearing by appellant overruled.