Case 67.—ACTION BY JOHN DOWLING'S ADM'X AGAINST J. R. WALKER ON A SUPERSEDEAS BOND.—May 18.

## Dowling's Adm'x v. Walker, &c.

Appeal from Anderson Circuit Court.

JAMES S. MORRIS, Special Judge.

Judgment for Defendants. Plaintiff appeals. Reversed.

Supersedeas Bond — Action on — Recovery—Attorney's Fee—New Bond — Insufficient Security — Time Covered — Damages for Rent—Waste, &c.

1. Forcible Detainer—Appeal—Supersedeas Bond—Action on—Recovery—Where in a forcible detainer proceeding the defendant appealed from a judgment of the circuit court awarding a writ of restitution against him, by executing a supersedeas bond under sec. 748 of the Civil Code, instead of a traverse bond under sec. 463 of the Code, the covenant of such supersedeas bond does not cover an attorney's fee as part of the costs recoverable thereon.

2. Insufficient Surety—New Bond—Time Covered—Where a supersedeas bond has been executed by the appellant with insufficient surety, and on motion of appellee a new bond is required to be executed by appellant with sufficient surety pending the appeal, the new bond is not limited in its operations to the time elapsing between the date of its execution and the day upon which the property was returned to the owner, but relates back and covers the period between

the execution of the first bond, the surety of which was adjudged insufficient, and the date of the return of the property to the owner.

3. Damages for Detention — Rent — Waste — Theft — Where in a written lease between a landlord and tenant for the rent of a distillery, both of whom were experienced distillers, fixing the annual rental at $1,000, in an action on the supersedeas bond for the damages in detaining the property by the lessor against the lessee, the measure of damages for the rent is at the rate of $1,000 per year for the time it was so detained, and as appellant was entitled to recover whatever damages accrued to the property during the period covered by the supersedeas bond, due to the negligence of the party detaining it, such party is liable for the blowing down of the smoke stack if it resulted from his failure to properly secure it, and for other damages of a similar kind which accrued because of his failure to take such care of it as a prudent owner would of his own property as well as for all property taken by theft, which he could, by diligence, have prevented by repairing the house or employing a watchman to protect it.

L. W. McKEE, WILLIS & TODD and WM. CARROLL for appellant.

HUMPHREY, HINES & HUMPHREY and F. R. FELAND for appellee.

Opinion by Judge Barker—Reversing.

This is an action on a supersedeas bond executed by J. R. Walker, as principal, and the American Bonding and Trust Company, of Baltimore City, as surety, to John Dowling, in a forcible detainer proceeding between Dowling and Walker to recover possession of a distillery plant and fifteen acres of land situated in Anderson county, Ky. The facts out of which this litigation grows are substantially as follows: Walker owned the distillery plant and land, and executed a mortgage upon it to Dowling to secure borrowed money. This mortgage was foreclosed by a judgment of the Anderson Circuit Court, but a sale was not had, an arrangement having been effected

between the parties by which Walker was to pay the
interest on the debt. In 1900 Walker sold the prop-
erty to Dowling for the existing debt, and executed
and delivered to him a deed therefor, at the same
time leasing it from the latter for a term of one
year, at a stipulated rental of $1,000 per annum, with
the privilege of renewal for another year at the
same rental. Based upon a breach of some of the
conditions of the lease not necessary to be here set
forth, in February, 1901, Dowling instituted a forci-
ble detainer proceeding against Walker to recover
possession of the property. A trial in the Anderson
County Court resulted in a verdict of guilty, upon
which was entered a judgment of restitution in favor
of Dowling. This inquisition was traversed by Walker,
who executed bond and appealed to the Anderson
Circuit Court. A trial in that tribunal likewise re-
sulted in a verdict of guilty, and a judgment of resti-
tution in accordance therewith. From this judgment
Walker appealed to this court, and on the 27th day
of April, 1901, executed a supersedeas bond, under
sec. 748 of the Civil Code of Prac., with J. R. Mc-
Brayer as surety. Dowling, deeming McBrayer to
be insolvent, entered a motion, in vacation of this
court, before Judge J. P. Hobson, that Walker be
required to execute a supersedeas bond with sufficient
surety, under sec. 750 of the Civil Code of Prac.
This proceeding resulted in an order requiring
Walker to execute another supersedeas bond, with
sufficient surety, which was complied with on the 16th
day of July, 1901, by the execution of the bond sued
on herein. Afterwards the judgment of the circuit
court was affirmed by this court, and a writ of res-
titution issued, under which Dowling was placed in
possession of his property on the 21st day of May,
1902, whereupon he instituted this action upon the

supersedeas bond executed on the 16th ·day of July, 1901, to recover damages for the wrongful detention of his property during the period elapsing between April 27, 1901, and May 21, 1902, being one year and twenty-four days. In his petition he alleges that during the period mentioned, Walker collected, as storage on whisky in the bonded warehouse on the property, and appropriated to his own use $1,985.50, which he is entitled to recover, or, if this be not so, then he is entitled to a reasonable rental of the property for the. time mentioned, which he alleges to be $1,985.50; also that, during the time the property was wrongfully detained from him, great waste was committed by Walker, aggregating $2,065, consisting in the latter's permitting the smokestack of the distillery to be blown down by neglecting to properly secure it, the beer and water pumps to be blown down or taken away, and a large quantity of the tools and implements and machinery to be stolen or destroyed. He further claims the sum of $250 as a reasonable attorney's fee expended by him in the recovery of the property in the forcible detainer proceedings, and the additional sum of $52 court costs paid by him. Walker and his surety filed separate answers, and, without examining the pleadings with particularity, it is sufficient to say that all of the material allegations of the petition were placed in issue. Without objection, the case was transferred to the equity side of the docket and referred to the commissioner to report on the damages accruing to Dowling during the time his property was detained from him. It was ascertained by the commissioner that the property had been wrongfully detained from Dowling by Walker from the 27th day of April, 1901, to the 21st day of May, 1902, a period of one year and twenty-four days; that

during this. time Walker had collected $1,985.50 as storage on whisky deposited in the bonded warehouse; that, of this sum, four-fifths was necessarily expended in caring for the whisky, leaving a net profit of one-fifth,' or $397, which was allowed Dowling; that a reasonable rental of the property was $250 per year, and therefore the sum of $266.56 was allowed as rent for the whole period. The commissioner further ascertained that Dowling had expended $52 in court costs, which was allowed, making a total of $715.56. Two hundred and fifty dollars was deemed a reasonable attorney's fee. This item, however, was neither rejected nor allowed, but submitted to the court. Both parties filed exceptions to this report, which upon final judgment were thus disposed of. The attorney's fee was rejected in toto, as was also the item of $266.56 rent. The item of court costs ($52) was allowed, and also $391.34 as net storage on whisky, the rent of the 15 acres of land for pasturage, and for such damage as accrued to the landlord by the waste of the tenant during the period in controversy, and a judgment awarded for the aggregate sum of $434.50, to reverse which this appeal is prosecuted.

Pending the litigation, Dowling died, and the action was revived in the name of his wife, as administratrix of his estate.

The bond which constitutes the basis of appellant's cause of action is a supersedeas bond issued under the authority of sec. 748 of the Civil Code of Prac., and not a traverse bond, under sec. 463, as is urged by appellant. The covenant of a supersedeas bond does not cover an attorney's fee, as a part of the costs. (Welch v. Welch, 106 Ky., 406, 20 Ky. Law Rep., 1990, 50 S. W., 687; Buckner v. Bogard, 8 Ky. Law Rep., 701.)

The bond sued on is not limited in its operation to the time elapsing between the date of its execution and the day upon which the property was returned to appellant, but relates back and covers the period between the execution of the first bond, the surety on which was adjudged insufficient, and the date of the return of the property to appellant. (Hargis v. Mayes, 50 S. W., 844, 20 Ky. Law Rep., 1965; Wilson v. King ['Ark.], 26 S. W., 18, 23 L. R. A., 802.) In the case of Turner v. Johnson, 106 Ky., 460, 20 Ky. Law Rep., 2009, 50 S. W., 675, which was an action upon a supersedeas bond and in principle identical with the case at bar, the measure of damage on the bond is thus set forth: * * * "The bond sued on obligates the appellee to pay appellants the reasonable and fair rent of the property during the time he was kept out of it by reason of the bond, and any damages he sustained from waste or injury to his property during the time."

Tested by this principle, what was a reasonable rent for the property during the year and twenty-four days appellant was kept out of possession? Dowling testified that it was worth $1,000 per year; Walker says .$250. But the parties, both of whom were experienced distillers, fixed it in the written lease at $1,000 per year. They, of all men, knew best what the property was worth. Under the terms of the lease, if Walker elected to hold the property for the second year, he was to pay a thousand dollars for its use. He did hold it for that term, not by election, but by keeping his landlord out of possession by the bond sued on. To hold him to this rental is to make him pay exactly what he agreed to pay for the same time, and we think the stipulation in the lease a fair criterion of the rental value of the property. This view concedes Walker the right to the

storage commission, and, so far as this question is concerned, leaves the parties just as if Walker had elected to hold over, with the addition that he must pay for the twenty-four days at the rate of $1,000 per year.

Appellant was clearly entitled to recover whatever damages accrued to the property during the period covered by the supersedeas bond, due to the negligence of Walker.

In Turner v. Johnson, supra, on this subject, it was said: "It was the duty of appellee to use the property and take care of it just as a prudent owner would use his own property. It was waste to fail to keep it in reasonable repair. The rule of care required in this case is different from that required of an occupant seeking a rescission where he is not in fault as to the holding. Appellee was in the wrong, and if, while he held the property by means of the machinery of the law, he let it go to waste for lack of the attention that a prudent owner would give his own property, he is responsible for the damages thereby resulting to appellants. It was his duty to see that the tenants took proper care of the property, and that no waste was done by them or by the railroad company while it was held by him."

Measured by this rule, we are unable to see why Walker is not liable for the blowing down of the smokestack, if that resulted from his failure to properly secure it, and for any other damage of a similar kind which accrued because of his failure to take such care of it as a prudent owner would of his own property; and clearly he must account for all the property taken by theft. Certainly he could by diligence have prevented loss of property in this way. The fact that the distillery was open, and could not be locked up because the doors were down or the

weatherboarding off, is no excuse. It was his duty to have repaired the house so as to have kept the machinery and other implements safe, or, at all events, to have employed a watchman to protect it.

For the purposes of this case it is not necessary to extend the principle of Walker's liability for waste beyond the rule announced in Turner v. Johnson, but it has often been held that one who wrongfully withholds the property of another becomes its insurer.

The case of Carrel v. Early, 4 Bibb, 270, was an action to recover the value of a slave who had died in the possession of one who wrongfully held him, but without fault on the part of the defendant. Chief Justice Boyle thus stated the rule: "For, admitting that he acquired the possession of the slave rightfully, yet his detention of the slave after the action commenced was certainly wrong; and he who wrongfully detains the property of another does it at his own peril, and will be responsible to the proprietor, although the property be destroyed by accident or taken from him by violence. Thus it is held that all bailees are responsible for losses by casualty or violence after their refusal to return the things bailed, on lawful demand. (Jones, Law of Bailment, 94." See, also, Dear v. Brannon, 4 Bush, 471; Munford v. Taylor, 2 Metc., 599; Kelly v. White, 17 B. Mon., 124.)

No question is made by either party as to the propriety of the allowance of $52 as court costs.

For the reasons indicated, the judgment is reversed for proceedings consistent with this opinion.