CASE 87.—ACTION BY COLUMBIA TRUST COMPANY AGAINST J. W. RECCIUS AND ANOTHER FOR DAMAGES ON A TRAVERSE BOND.—December 2.

# Columbia Trust Co. v. Reccius, &c.

Appeal from Jefferson Circuit Court; Common Pleas Branch (First Division).

EMMET FIELD, Judge.

From a judgment in its favor the Columbia Trust Company appeals—Affirmed.

1. Landlord and Tenant—Forcible Detainer—Appeal and Trial De Novo—Liability on Traverse Bond.— Under Civil Code Prac., section 464, providing that if a traverse bond shall be filed in forcible detainer under section 463, and the traverser shall fail to prosecute his traverse with effect, he and his sureties shall be liable for withholding possession and the reasonable expenses of the traversee, a recovery of rents on a traverse bond filed by a tenant cannot be had up to the time the next tenant takes possession, but is confined to the time that the traversee is kept out of possession by the traverser.

2. Same—Civil Code Prac., section 464, providing that if a traverse bond shall be filed in forcible detainer under section 463, and the traverser shall fail to prosecute his traverse with effect, he and his sureties shall be liable for withholding possession and the reasonable expenses of the traversee, does not authorize a recovery on a traverse bond filed by a tenant of the sum paid by the landlord to compromise a claim for damages for failure to place another in possession of the property due to the tenant's failure to surrender possession.

3. Same.—Civil Code Prac., section 464, providing that a traverse bond shall be filed under section 463, does not authorize a recovery on such bond filed by a tenant of the sum paid

by the landlord to a real estate agent to obtain another tenant.

TRABUE, DOOLAN & COX and GEORGE DU RELLE. for appellant.

FRED FORCHT for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant instituted an action in the lower court against appellees for something over $1,100, the amount it alleged it had sustained in damages by reason of the execution by appellees of a traverse bond during the progress of a proceeding of a writ of forcible detainer. It alleged that it was kept out of the possession of a building owned by it for the term of four months, and that the reasonable rental value during that time was $183 per month; that it had contracted to pay $300 to its attorneys to represent it in the forcible detainer proceeding in the circuit court and the Court of Appeals, and that the amount was reasonable; that it had contracted with a tenant for the term of two years by which it was to receive $183 per month for the premises; that this tenant was to receive the possession on a day named after certain repairs were made; that, Reccius having failed to surrender the possession of the property, the tenant referred to declined to take possession and made a demand upon it for about $500 in damages for its failure to place him in possession of the property as per their contract, and that it had effected a compromise of the claim of the tenant by the payment of $100, and it ought to recover of appellees this $100. It also sought to recover $85, the amount it paid to a real estate agent to obtain another

tenant. The lower court struck from its petition its claim for the $100 and the $85 items.

The testimony showed without contradiction that the term of appellee Reccius' lease expired on the 10th of April, 1903, and the possession of the keys and house were delivered to appellant's agent on the 23d day of May, 1903, showing the time that he withheld the possession to be 1 month and 12 days. The witnesses varied in their opinion as to the rental value of the property. Appellee Reccius had occupied it for about 10 years, immediately preceding, at the price of $125 per month; and appellant showed that it had such a contract with a tenant at the price of $183 per month, but it was also shown that there were several hundred dollars worth of repairs to be made on the house before the tenancy commenced. The witnesses also failed to agree as to what a reasonable fee would be for appellant's counsel for defending the traverse in the circuit court and the Court of Appeals.

The lower court gave to the jury the following instruction: "It will be your duty in this case to find for the plaintiff in such sum as you may believe from the evidence represents the fair and reasonable rental value of the property in controversy during the time that the plaintiff was kept out of the possession of the property by reason of the execution of the traverse bond sued on herein at a rate not exceeding $183 per month, and you should find for plaintiff in such a sum as you believe from the evidence represents the fair and reasonable value of the services rendered by counsel for the plaintiff in prosecuting the forcible detainer in the Jefferson circuit court, and also in the Court of Appeals of Kentucky, the amount to be measured by the scale of fees usually

charged by the lawyers of the Jefferson county and
Louisville bar, not exceeding, however, the sum of
$300 for attorney's fees." The jury returned a ver-
dict for appellant in the sum of $183 for 1 month and
12 days rent, and allowed it the sum of $75 as attor-
ney fees. Appellant contends that the lower court
erred in confining the jury in allowing rent to the
time only that it was kept out of the possession of
the property, that it should have been permitted to
recover for all the time up to the time the next ten-
ant took possession of the property; and that the
court erred in refusing to allow it to recover the
$100 and the $85 items referred to. This action was
instituted on a bond prescribed by section 463 of the
Civil Code of Practice. Section 464 provides what
may be recovered from the principal and surety on
the bond; that is, for the damages caused by the with
holding of the possession of the property, as well
as the reasonable expenses of the traversee in defend-
ing the traverse. Under these provisions of the Code
we cannot understand how especially the surety on
the bond could be made liable for the rents of the
property after the possession was returned to the
traversee. Reccius, as stated, only withheld the pos-
session from appellant for 1 month and 12 days, for
which a recovery was had. To permit appellant to
recover for the time claimed would be in violation of
section 464 of the Civil Code of Practice, and to es-
tablish such a rule as contended for would in every
case bind the traverser and his surety to pay a rea-
sonable rental value for the property until the tra-
versee could obtain a tenant, even though it took
twelve months or more.

The claim of appellant to the $100 and the $85
items cannot be recovered in an action on the bond.

In our opinion the language of the Code will not authorize the recovery of such items of damages against a surety on the bond, for they are too remote and uncertain to be covered by the language used in the section of the Code referred to. If appellant is entitled to recover such damages, it must look alone to appellee Reccius. See Evans' Adm'r v. Cleaver, 29 S. W. 29, 16 Ky. Law Rep. 499, and Caldwell v. McVean, etc., 119 Ky. 30, 82 S. W. 992, 26 Ky. Law Rep. 948.

For these reasons, the judgment of the lower court is affirmed.

Petition for rehearing by appellant overruled.