## Maret v. Sanders.

(Decided December 15, 1910.)

### Appeal from Garrard Circuit Court.

Judgments—Supersedeas—Failure to File Record in Time—Dismissed With Damages.—The judgment appealed from required appellant to execute a deed for certain land upon his paying the price when the deed was delivered. Appellant superseded the judgment but did not file the record in time and the appeal was dismissed with damages. Held—The judgment was not a judgment for the payment of money by appellant and section 764 of the Code does not apply. It only applies where the judgment for the payment of money by the appellant is superseded by him. The order awarding ten per cent. damages was entered by mistake and is set aside. But appellant is entitled to damages on the bond for all damages to property or rent during the pendency of the appeal of which the appellee is kept out of possession by reason of the appeal.

LEWIS L. WALKER and G. B. SWINEBROAD, for appellant.

WILLIAM HERNDON, for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—On motion to set aside order dismissing appeal with ten per cent. damages.

The judgment appealed from required appellant to execute to appellee a deed for certain land upon his paying the price, $7,120.00, when the deed was delivered. If she did not execute the deed the commissioner of the court was ordered to execute it, and a writ of possession was then ordered to issue in behalf of appellee. Appellant superseded the judgment, but did not file the record in time, and the appeal was dismissed with ten per cent. damages.

The judgment was not for the payment of money by appellant, and section 764 of the Code does not apply. It only applies where a judgment for the payment of money by the appellant is superseded by him. The order awarding ten per cent. damages was entered by mistake and is set aside.

But appellant is entitled to damages on the bond for all rent or damages to property during the pendency of the appeal of which the appellee is kept out of possession by reason of the appeal. What damages he may be entitled to may be determined in an action on the bond, but the appeal should be dismissed here with damages, so that this matter may thus be determined. (Civil Code, section 748.)

The notice of the motion showed all the facts and was sufficient to apprise appellee of the grounds on which the motion to discharge the supersedeas was based.

The former order is modified as above indicated, and in other respects the motion is overruled.