## Bond v. Starkey.

### (Decided March 19, 1918.)

### Appeal from Pike Circuit Court.

1. Telegraphs and Telephones—Rules—Removal of Telephone.—A telephone company may adopt and enforce reasonable rules and regulations governing the use of its telephones by patrons, and may, for a violation of its rule prohibiting the use of profane language through its telephone, remove same.

2. Telegraphs and Telephones—Service Contracts—Conditions.—A telephone company may make the furnishing of its service conditional that the applicant therefor will observe such reasonable rules and regulations as it may have adopted.

CHILDERS & CHILDERS for appellant.

J. J. MOORE and J. F. BUTLER for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

N. Starkey owns and operates a public telephone system in Pike county, Kentucky, under the name of Eastern Kentucky Home Telephone Company, which is not incorporated.

Appellant is a physician and, prior to January 26, 1911, had contracted for and had in his home or office a telephone instrument, furnished by defendant, and connected with his telephone system, when a dispute arose over the telephone, between appellant and appellee about the service rendered, in which both parties became angry and used profane language; whereupon appellee removed appellant's telephone instrument, and informing him that it was removed "for no other reason than the profane language you used today over our line to the operator," refunded to him the unearned part of the fee appellant had paid in advance for the service.

In this action appellant sought, by mandatory injunction, to compel appellee to furnish him telephone service, which relief was denied him by the chancellor.

It is shown in the proof that appellee, conceded to be a public carrier, had adopted rules and regulations governing the use of telephones by subscribers, which were published in the directory furnished to the subscribers, rule 18 being: "The use of profane language is forbidden."

Since the removal of his telephone, Dr. Bond has not applied in person for its reinstallation but had his attorney, Mr. Auxier, to make application therefor, to whom appellee offered to restore the service upon condition that appellant would sign the usual contract containing the following stipulation:

"Fifth: Any failure to pay rent or tolls when due, or any other violation of the provisions and stipulations of this contract, or injury to said telephone, or the use of obscene and profane language through said telephone, or listening to the conservation of other parties talking on said line, or interfering with parties talking on said line, shall give the company the right at its option to terminate this contract and remove the said telephone at once without notice."

This proposition was declined, so the only question involved here is whether a public telephone company may adopt reasonable rules and regulations governing the use of its telephones by subscribers and make the service conditional upon agreement to observe such rules and regulations.

That such a company may adopt and enforce reasonable rules and regulations for use of its telephones by patrons, among which is a rule prohibiting the use of profane language, is thoroughly established. McDaniel v. Faubush Telephone Co., 32 Ky. L. R. 572, 106 S. W. 825; Williams v. Maysville Telephone Co., 119 Ky. 32, 82 S. W. 995; 37 Cyc. 1619; Jones on Telegraphs & Telephones, vol. 1, section 250.

From which, it necessarily follows that the company may make the furnishing of its service conditional upon agreement by an applicant that he will observe such reasonable rules and regulations as it may have adopted.

Judgment affirmed.