## Parker v. Smith.

(Decided December 4, 1925.)

Appeal from Calloway Circuit Court.

1. Appeal and Error—Instruction Relating to Tenant's Liabilit, for Refusal to Deliver Possession of Rented Premises to Lan( )rd Held Unduly Favorable to Tenant.—Instruction that, if tenant knowingly and wrongfully remained in possession of rented premises between certain dates, not believing or having any reason to believe that he had a right to remain in possession refused to deliver possession thereof to landlord then landlord was entitled to recover double rent for such period, held unduly favorable to tenant since words "well founded" should have been used before word "reason."

2. Landlord and Tenant—Landlord Held Entitled to Recover Double Rent During Occupancy of Tenant After Forcible Detainer Proceedings Begun—"Tenant by Sufferance."—Where, at time landlord began forcible detainer proceedings, defendant was a "tenant by sufferance," who is defined as one who entered rightfully and

whose right has expired, and who was holding wrongfully, and who was therefore not entitled to either demand or notice to quit under Ky. Stats., section 2295, and having thereafter resisted and occupied premises, landlord held entitled to recover double rent during period of such occupancy under section 2293; good faith of defendant and his reliance on advice of counsel being no defense, sections 2296 and 2326 being inapplicable.

3. Landlord and Tenant—Plaintiff Entitled in Suit for Double Rent to Recover Reasonable Attorney's Fee.—In suit for double rent under Ky. Stats., section 2293, for time defendant wrongfully held possession of plaintiff's property after expiration of his tenancy, plaintiff was entitled, under Civil Code of Practice, section 464, to recover a reasonable attorney's fee.

WEAKS & PHILLIPS and E. P. PHILLIPS for appellant.

COLEMAN & LANCASTER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Appellant, whom we will call defendant, is seeking to reverse a judgment for $1,016.00 for double rent, and $150.00 for attorney's fees recovered against him by T. L. Smith, whom we will call the plaintiff. Plaintiff sued defendant for $1,016.00 double rent and $350.00 attorney's fees, alleging that defendant in the year 1922 was a tenant of plaintiff, and paid him $40.00 per month rent for use of a store building in Murray, Kentucky, of which, on January 1, 1923, Parker failed to give possession. Plaintiff promptly instituted a forcible detainer proceeding, a trial was had, and defendant was found guilty. Defendant executed a traverse bond, and appealed to the Calloway circuit court, where he was again found guilty. Thereupon he superseded the judgment, and appealed to this court, where his appeal was dismissed as a delay case.

Plaintiff then began this action and alleged that defendant had wrongfully held possession of plaintiff's property for twelve months and twenty-one days after expiration of his tenancy. Defendant denied holding over wrongfully, and alleged that he consulted counsel and was advised that he had a good defense, and that he had remained in possession and defended said action in good faith, only contending for what he was advised was legally right and tendered plaintiff $40.00 per month. Plaintiff amended his petition, and alleged that property and rent had greatly advanced in the city of Murray,

and that $80.00 per month was reasonable rent of said store building. This was controverted of record. A reply made up the issues. The jury found for plaintiff under instruction 2, which is:

"The court instructs the jury: That if you believe from the evidence that the defendant Parker knowingly and wrongfully remained in possession of the rented premises from January 1st, 1923, to January 21, 1924, and not believing or having any reason to believe that he had a right to remain in possession thereof, refused to deliver possession thereof to plaintiff, then you may allow double rent, for the period above named, not exceeding in all $1,366.00, for rent and attorney's fees, but unless you so believe you should not award double rent, but merely a reasonable rent, and attorney's fees as per instruction No. 1."

This instruction was unduly favorable to defendant; the words "well founded" should have been used before the word "reason."

Defendant tendered this instruction, which the court refused to give:

"The court instructs the jury that it is conceded by all the parties that plaintiff is entitled to recover reasonable rents on the storehouse in controversy herein, for a period of one year and twenty-one days; and you may find in addition to reasonable rents such damages as you believe he has incurred, if any, by the retention of said house by Parker, if you believe that defendant Parker retained possession by defending the forcible detainer suits, when he knew that said retention was wrongful, and that said defense interposed by him was not made in good faith. The court says that if Parker was a tenant by sufferance he was entitled to a written notice, thirty days before January 1st, 1923, to quit, and if he failed to receive said notice, he had right to defend said suit, and if the jury believes that he was so advised by competent counsel, and that he in good faith believed that he was entitled to receive said notice, and that he laid all the facts before said counsel, then and in that event his defense would be a good faith proceeding, and Smith would be entitled to recover only reasonable rents herein. The court says that in no event is plaintiff entitled to recover anything

herein by reason of employing an attorney, or any sum to recompense him for an attorney's fee."

The court also, at the conclusion of the evidence, struck from the defendant's answer his allegation about good faith, and acting upon the advice of counsel, doubtlessly because defendant's good faith in this matter was in the court's opinion a question of law for the court. All the errors which defendant has alleged were made against him rest upon this ruling of the court. To determine whether or not this action of the court was correct, we must consider the defendant's contention as set out in his defense. He claimed to be a tenant by sufferance and that he was entitled to thirty days' written notice as required by section 2326 of the statutes. There are three different tenancies by sufferance possible in Kentucky:

One. A tenant for a year or more, who holds over after expiration of his term, is a tenant by sufferance for ninety days. After that his tenancy is by operation of law extended for a year, but he is not entitled to either demand or notice to quit within that ninety days. Section 2295 of the statutes.

Two. A tenant for less than a year, who holds over after expiration of his term, is a tenant by sufferance for thirty days, and after that his tenancy is by operation of law extended for sixty days, but he is not entitled to either demand or notice to quit within that thirty days. Section 2296 of the statutes.

Three. Tenants who hold over after the expiration of an uncertain term. Thus, if a residence belongs to "A" for life with remainder to "B," and "A" sells or rents his life estate to "C," who occupies the residence, "C" becomes a tenant by sufferance, if he remains over after the death of "A."

Harvey v. Briggs, 68 Miss. 60, 8 S. 274, 10 L. R. A. 62. Tenants of this class are entitled to notice. Section 2326 of the statutes.

Appellant says in his brief that on December 2, 1919, he entered into a written contract with W. J. Beale for the occupancy of these premises for the year 1920, for a rent of $40.00 per month. This was clearly a contract to expire December 31, 1920. Defendant did not leave then, but occupied the premises in 1921, and after March 31, 1921, the contract was by operation of law, extended to December 31, 1921, and in like manner the contract

was on March 31, 1922, extended to and including December 31, 1922. On January 4, 1923, the plaintiff began the forcible detainer proceeding. At that time Parker was a tenant by sufferance, and clearly his tenancy came under class one. He was entitled to neither demand nor notice, and even a perfunctory examination of the statute would have disclosed that. He resisted and occupied the premises until January 22, 1924, and this suit is for double rent for that occupancy under section 2293 of the statutes. His defense is, that in good faith and acting upon the advice of counsel, he remained because he felt and was advised he had a right to remain. Section 2295 of the statutes is against him. It provides:

> "If, without such contract the tenant shall hold over, he shall not thereby acquire any right to hold or remain on the premises for ninety days after said day."

All tenancies by sufferance are wrongful. The definition usually given shows that. A tenancy at sufferance arises where one comes into possession of land by a lawful title otherwise than by act of law, and occupies it thereafter without any right or title at all. A tenant by sufferance is one who entered rightfully; his right has expired and he is holding wrongfully. Bright v. McOuat, 40 Ind. 521. Both the defendant's answer and his evidence show that he did not think he had any right to remain, but did believe the plaintiff had not taken the proper steps to put him out. It was no defense to this action. It does not came within the rule announced in the case of Aull v. Bowling Green Opera House Co., 130 Ky. 789, 114 S. W. 284, and followed in Jones v. Taylor, 136 Ky. 39, 123 S. W. 326, Ann Cas. 1912A 276, and Pullum v. Rhea, 198 Ky. 294, 248 S. W. 858. In each of these cases, the tenant that remained in the property did so under an honest belief that he had a contract right to remain. They questioned not the procedure, but the right of their landlords to put them out. Defendant questions not the right, but the procedure of his landlord. Therefore, the court properly refused his tendered instruction, and struck from his answer his affirmative defense. Under section 464 of the Civil Code plaintiff was entitled to recover a reasonable attorney's fee in this case. See instruction approved in Columbia Trust Co. v. Reccius, et al., 130 Ky. 719, 113 S. W. 895.

The judgment is affirmed.