### Nanney v. Hedden, et al.

(Decided October 25, 1927.)

#### Appeal from McCracken Circuit Court.

1. Forcible Entry and Detainer.—Under Civil Code of Practice, sec. 464, sureties on traverse bond, executed in forcible entry and detainer action, are liable for rents and profits according to its terms until possession of property is regained, and not only until traverse was tried in circuit court.

2. Forcible Entry and Detainer.—In action on traverse bond given in forcible entry and detainer action under Civil Code of Practice, sec. 464, evidence should have been confined to reasonable rental value of premises during time plaintiff was kept out of possession and to such damage as was caused by waste, if any.

3. Forcible Entry and Detainer.—Under Civil Code of Practice, sec. 464, plaintiff, suing on traverse bond given in forcible entry and detainer action for a farm, was not entitled to recover value of such crops as she might have grown on farm, but kind of crops which may have been grown as well as kind of crops on farm at time bond was executed which would tend to enhance rental value of farm could be shown in evidence.

4. Forcible Entry and Detainer.—Under Civil Code of Practice, sec. 464, in action on traverse bond given in forcible entry and detainer action, evidence as to what reasonable profits and earnings were for period plaintiff was kept out of possession would not be competent; it being too speculative.

5. Forcible Entry and Detainer.—Under Civil Code of Practice, sec. 464, in action on traverse bond given in forcible entry and detainer action, jury can consider, taking into consideration all facts and

circumstances, only what would have been fair and reasonable rental value of premises for period during which plaintiff was kept out of possession.

BEN S. ADAMS for appellant.

WHEELER & HUGHES for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

This is an action on a traverse bond in a forcible detainer proceeding. The forcible detainer proceeding was instituted before the county judge of McCracken county. It was instituted by appellant against her husband, E. H. Walker. Walker was found guilty of the forcible detainer complained of in the trial before the county judge, and, on the 20th day of April, 1925, he traversed the findings of the county judge by the execution of a bond which was signed by the appellees. In the trial in the circuit court Walker was again found guilty of the forcible detainer complained of; whereupon he executed a supersedeas bond on the 22nd day of June, 1925, and appealed his case to this court (215 Ky. 154 284 S. W. 1042), where the judgment of the circuit court was affirmed. Appellant instituted her action on the traverse bond, seeking to recover the reasonable rents and profits of the land of which she was kept out of possession until she obtained the possession thereof and from the date of the execution of the traverse bond. She also sought to recover the amount of cost expended in the three courts where the case was tried.

The appellees take the position that she is only entitled to recover against them the rents and profits of the farm from the date they executed the traverse bond until the case was tried in the circuit court, while the appellant contends that she is entitled to recover from appellees the reasonable rents and profits of the farm from the date the traverse bond was executed until she obtained the possession of the farm after the case had been affirmed by this court. The lower court sustained the contention of the appellees that they were only responsible until the case was tried in the circuit court, and that brings on the main question to be determined by this court. Section 464, Civil Code, is as follows:

"Upon this bond, if the traverser fail to prosecute his traverse with effect, he and his surety shall

be liable for the damages for withholding the possession which the traversee may be entitled to recover against the traverser, during the pendency of the traverse, either in the circuit court or Court of Appeals, as well as the reasonable expenses of the traversee in defending the traverse."

In the case of Evans' Adm'r v. Cleaver, 29 S. W. 29, 16 Ky. Law Rep. 499, this court, in construing section 464 of the Code, said:

"He is liable for withholding the possession during the pendency of the traverse in either the circuit court or Court of Appeals, and the reasonable expenses of the traversee in defending the traverse. The appellant has recovered her attorney's fee and the value of the use of the land during the time the tenant held the possession. This is all she claims or seeks to recover."

In the case of Caldwell v. McVean, 119 Ky. 30, 82 S. W. 992, 26 Ky. Law. Rep. 948, this court held that, in a suit on a traverse bond, no damages are recoverable except such as are the natural and proximate result of the forcible detainer, and that the reasonable value of the rents and profits of the land so illegally detained is an element which should be directly considered in estimating such damages. The court then alludes to section 464, Civil Code, as expressly authorizing the recovery of damages for withholding the possession during the pendency of the case in the Court of Appeals, in addition to the reasonable expenses of the traversee in defending the traverse.

In the case of Dowling's Adm'r v. Walker, 120 Ky. 528, 87 S. W. 281, 27 Ky. Law Rep. 928, this court had under consideration a supersedeas bond executed in a forcible detainer proceeding on an appeal from the circuit to this court. In that case the court said:

"The bond sued on is not limited in its operation to the time elapsing between the date of its execution and the day upon which the property was returned to appellant, but relates back and covers the period between the execution of the first bond, the surety on which was adjudged insufficient, and the date of the return of the property to appellant."

This court seems to have treated the supersedeas bond as a continuation of the traverse bond, and it ap-

pears that the supersedeas bond was executed because the surety on the traverse bond was adjudged insufficient.

Under the Code provision and the authorities above cited, it appears to us that the lower court was in error in holding that appellees were responsible only until the traverse was tried in the circuit court. We are not called upon to determine the effect of the supersedeas bond or whether there is any liability to appellees by the sureties on the supersedeas bond. Appellees having executed the traverse bond, they are liable according to its terms until the possession of the property is regained by appellant.

The evidence should have been confined to the reasonable rental value of the farm during the time that appellant was kept out of possession, and to such damage as was caused by waste, if any. The appellant is not entitled to recover the value of such crops as she might have grown on the farm, but the kind of crops which may have been grown as well as the kind of crops which were on the farm at the time the bond was executed which would tend to enhance the rental value of the farm may be shown. The jury is entitled to know all legitimate facts about the farm in determining what was the reasonable rental value of the farm for the period appellant was kept out of possession.

The instruction given by the court is not materially different, except as to the time for which recovery might be had, from the instruction offered by appellant. It would be proper for the court to omit any reference to the strawberry patch, as the strawberry patch should be considered only as it might enhance the rental value of the farm for the period. We cannot agree with counsel for appellant that evidence as to what the reasonable profits and earnings were for the period she was kept out of possession is competent, or that the jury should be allowed to consider the question. That would be entirely too speculative. The jury can only consider, taking into consideration all of the facts and circumstances, what would have been a fair and reasonable rental value of the farm for the period she was kept out of its possession.

Judgment reversed, and cause remanded, for proceedings consistent with this opinion.