**H. A. MOSS, Jr., Individually, and/or Administrator of the Estate of H. A. Moss, Sr., Appellant,**

**v.**

**William M. SMITH and Paul Liebreich, Appellees.**

Court of Appeals of Kentucky.

Oct. 26, 1962.

John P. Sandidge, Woodward, Hobson & Fulton, Louisville, for appellant.

Marvin H. Morse, Louisville, for Paul Liebreich, appellee and cross-appellant.

**512**

C. L. Bell, Louisville, for William M. Smith, appellee.

STEWART, Chief Justice.

H. A. Moss, Jr., as administrator of the estate of H. A. Moss, Sr., intervened in a suit against William M. Smith; recovered judgment against him; and levied execution on his real estate, a rooming house in Louisville. At a judicial sale Moss, Jr. individually purchased the property subject to certain mortgages of record thereagainst, said property having been appraised at $12,000. The report of sale was confirmed, a deed was ordered delivered and a writ of possession thereafter issued on motion of Moss, Jr.

On June 29, 1955, Smith filed a notice of appeal from the judgment and order of sale and executed a supersedeas bond in favor of Moss, Jr., with Paul Liebreich, an appellee and cross-appellant herein, as surety thereon. On May 10, 1957, the Court of Appeals affirmed the judgment against Smith, Ky., 301 S.W.2d 2.

On July 11, 1957, Moss, Jr., pursuant to CR 73.07, moved for judgment against Liebreich, the surety on the supersedeas bond, seeking to recover $34,000 for loss of rent and $4000 damage to the property due to neglect. A commissioner, under an order of reference, heard the evidence and advised that Moss, Jr. receive $8175.39 as the reasonable net rental for the property for the twenty-three months he had been kept out of possession of it.

The chancellor, however, refused to follow the recommendation of the commissioner, stating: " * * * I find no reliable basis for assessing damages in the testimony. In the circumstances, I believe KRS 21.130 (providing 10% damages on a superseded *money* judgment) a good analogy, and that judgment should go against the surety for $2,300 (²³⁄₂₄ X 20% X $12,000) plus costs incurred in the action since June, 1955." (Emphasis supplied.)

Moss, Jr., as an individual and as administrator aforesaid, hereinafter referred to as Moss, Jr., appeals from the judgment contending the chancellor's method of assessing damages was incorrect and that the surety is liable on the basis of the language of the bond itself rather than within the limits of CR 73.04, or, in the alternative, that the terms and conditions of the bond do not violate the spirit and intent of the rule. Another point is raised later that will be discussed. Liebreich, who will be so referred to hereinafter, has moved for a cross-appeal, asking that Smith be dismissed as a party to this appeal and that the chancellor's judgment be reversed, thus denying Moss, Jr. any damages whatsoever.

The pertinent portion of the supersedeas bond, which is based upon the phraseology set forth in Section 748 of the Civil Code of Practice, reads:

"Now we, William M. Smith and surety, Paul Liebreich, do covenant to and with appellee, H. A. Moss, Jr. that the appellant will pay to the appellee all costs and damages that shall be adjudged against the appellant on appeal * * *, and *also pay all rents, hire and damages* which during the pendency of the appeal, may accrue on any part of the property of which the appellee is kept out of possession by reason of the appeal." (Emphasis added.)

The primary question is whether and to what extent the surety is liable on the bond in the light of CR 73.04, effective July 1, 1953, which, insofar as applicable here, reads:

" * * * When the judgment determines the disposition of the property in controversy as in real actions or replevin, or when such property is in the custody of the sheriff, or when the proceeds of such property or a bond for its value is in the custody or control of the court, the amount of the supersedeas bond shall be fixed at such

sum only as will secure *the amount recovered for the use and detention of the property*, the costs of the action, costs on appeal, interest, * * *" (Emphasis added.)

The position taken by appellee and cross-appellant, Liebreich, the surety, is that a supersedeas bond taken in an action for the possession of real property does not cover any items of liability except those explicitly stated in the rule. It is pointed out that CR 73.04 was adopted almost verbatim from F.R.Civ.P. rule 73(d), 28 U.S.C.A. and that the phrase "damages for delay" appears after the word "interest" in the federal rule but that this phrase is absent from the Kentucky rule; therefore, it is reasoned that this deletion apparently was intentional and, in consequence, precludes the recovery of any rent and waste under CR 73.04. The surety relies upon certain federal decisions which he insists hold that the recovery of such rents and waste is solely predicated upon the undertaking in the supersedeas bond to pay "damages for delay." See John Hancock Mutual Life Insurance Co. v. Hurley, 1 Cir., 151 F.2d 751; Spurks v. U. S. Fidelity & Guaranty Co., 3 Cir., 138 F.2d 812; Woodworth v. Northwestern Mutual Life Insurance Company, 185 U.S. 354, 22 S.Ct. 676, 46 L.Ed. 945.

Appellant maintains the expression "amount recovered for the use and detention of the property" in CR 73.04 means the same as "rents, hire and damages" set forth in the old Civil Code. Liebreich has a contrary view, arguing that federal courts in construing F.R.Civ.P. rule 73(d) have held otherwise. See Kountze v. Omaha Hotel Co., 107 U.S. 378, 2 S.Ct. 911, 27 L.Ed. 609, which seems to bear out his contention in interpreting similar phraseology.

It appears the language, "damages for delay," was inadvertently omitted from CR 73.04 as originally written, because this rule was thereafter amended, effective June 1, 1960, for the sole purpose of adding these words. However that may be, no doubt exists in the mind of this Court but that, when CR 73.04 was first adopted, the intent was to re-embody in this rule all the essential elements of liability recited in Section 748 of the old Civil Code.

The bond itself promises recovery for "all rents, hire and damages which * * * may accrue * * * (on) the property," and we conclude such language is not contrary to the tenor of CR 73.04 but that the bond merely states its purport more specifically as it applies to the particular situation. Furthermore, this Court does not accept as binding upon it the construction placed upon the phrase, "amount recovered for the use and detention of the property," by Kountze v. Omaha Hotel Co., supra. That opinion did not specifically consider F.R.Civ.P. rule 73(d) in its present form, as that federal rule had not then been formulated.

Therefore, since, as we believe, the phrasing of CR 73.04 is consistent with the spirit and import, if not the exact wording of the "rent, hire and damage" provision, of Section 748 of the old Civil Code the surety cannot disclaim liability on the basis of the contravention of that rule.

The measure of damages on a supersedeas bond, executed pursuant to Section 748 of the old Civil Code, where a writ of possession is stayed, is the fair and reasonable rent on the property during the time a party is kept out of possession of it, plus any damages he may have sustained from waste or injury to the property during that interval. See Turner v. Johnson, 106 Ky. 460, 50 S.W. 675; Maret v. Sanders, 141 Ky. 366, 132 S.W. 552; Dowling's Adm'x v. Walker, 120 Ky. 528, 87 S.W. 281. We are of the opinion this standard governs in fixing the amount Moss, Jr. should recover under the bond in this case. Thus the chancellor used an incorrect method of assessing damages. Moreover, the damages provided by KRS 21.130 are a flat 10%, not 10% per annum.

The testimony in this case showed this house was negro rental property, containing forty-nine rooms, for which a reasonable rent of from $5.00 to $9.00 per week could be expected; that $1.00 per day or $7.00 per week would be a reasonable and probable rental; that occupancy could run from 15% or 20% up to 90% (the commissioner found 50% occupancy could reasonably be anticipated); that the gross rental collected, according to the attorney of appellee Smith, was $9332.10, but that the property was kept in very bad condition and many rooms were kept locked because they were unfit for human occupancy; and that Moss, Jr., during the few days he had control of the property before the supersedeas bond was given, had put a new roof on the building. It is our view, however, that the claimed expenses charged against the $9332.10 sum should be closely scrutinized.

This was adequate evidence upon which the chancellor could and should have made a proper finding, based upon the correct measure of damages heretofore set forth. Since there is no question in our judgment that his finding is patently incorrect, it is reversed. See CR 52.01, McWhorter et al. v. Carter et al., Ky., 267 S.W.2d 736.

A point is raised concerning Liebreich's right to move for a cross-appeal. This grows out of the fact that the surety paid the recovery rendered against him, including the interest and costs, into circuit court. Thereafter, pursuant to KRS 412.080, he secured judgment against Smith, the principal on the bond, for the amount he had paid out, plus the interest that should accrue henceforth.

Appellant claims the cross-appeal should be dismissed under the authority of Complete Auto Transit, Inc. v. L. & N. R. Co., Ky., 273 S.W.2d 385. In short, that case held a party cannot *accept the benefits* of a judgment and then appeal claiming the judgment should be reversed. The correct principle of law applicable to the situation here is thus stated in Madden v. Madden, 169 Ky. 367, 183 S.W. 931, L.R.A.1916E, 892:

"The law prevailing in this state (is) that a party against whom a judgment has been rendered for money may pay it and still prosecute an appeal. In such case, he has not altered the attitude of anyone by the act of payment except himself, and the payment of the judgment has been construed to be in lieu of his right to supersede the judgment * * *; as his act in paying the judgment is not one seeking any benefits therefrom nor one possessing any of the elements of an estoppel, * * * he, therefore, under such circumstances, is permitted to appeal from the judgment which he has paid."

Thus it is clear where a litigant pays an adverse judgment he does not thereby impair his right to appeal. Nor may a surety be required to elect between an appeal and the enforcement of any derivative right he may have against the principal.

In view of what we have stated, we conclude that the motion for the cross-appeal should be and it is dismissed; and that the chancellor should make proper findings of fact of the damages due to loss of rent and the commission of waste, if any, in respect to the property involved in this action.

A question has been raised as to whether William M. Smith is a proper party to this appeal. It is our view that he is a nominal party but probably not a necessary one. Nevertheless, his dismissal from the appeal would not affect in anywise the opinion rendered in this case.

Wherefore, the judgment is reversed on the appeal and the case is remanded for proceedings in conformity with this opinion. The cross-appeal is dismissed.