**Eula COBB and James Edward Cobb, Appellants,**

v.

**Maurice CARPENTER, Commissioner of Department of Revenue, Commonwealth of Kentucky, W. B. Shirley and Audrey Shirley, his wife, Appellees.**

Court of Appeals of Kentucky.

May 13, 1977.

Rehearing Denied July 8, 1977.

William R. Knapp, Jr., Dry Ridge, William M. Johnson, Frankfort, for appellants.

Paul J. Schachter, Covington, William P. Sturm, Dept. of Revenue, Robert F. Stephens, Atty. Gen., Commonwealth of Kentucky, Frankfort, for appellees.

Before HAYES, HOWERTON, and REYNOLDS, JJ.

HAYES, Judge.

This is an appeal from an order entered in Owen Circuit Court denying the appellants' motion for a thirty day extension of time in which to take an appeal from a final judgment.

On September 25, 1975, appellees, Carpenter and Owen County, Kentucky, filed suit against appellants, an unmarried brother and sister. The complaint alleged unpaid property taxes of appellants for nine years since 1966. The complaint asserted the necessary and proper statutory procedures in regard to tax claims and certificates of delinquency were taken and plaintiff prayed the property be sold to satisfy the tax liens against the property. The Cobbs jointly owned a farm of about 243 acres.

The same date the complaint was filed, the Cobbs were duly served with summons. On October 14, 1975, an answer and demand for jury was filed by the Cobbs. This legal document was obviously prepared by someone with legal training; however, it was not signed by an attorney, but was signed by the brother of the appellants, Charlie Cobb. Typed on the last page of this legal document were the words, "Attorney in the above mentioned case: William H. "Bill" Bixler, 115 Park Place, Covington, Kentucky."

On November 18, 1975, notice and motion for a summary judgment was filed by appellees, Carpenter and Owen County. This pleading was mailed to each of the appellants and to attorney William H. "Bill" Bixler.

The order of the court shows that on the set date of December 1, 1975, a hearing was held on the motion for summary judgment, and there being no one present for appellants, the motion on behalf of appellees, Carpenter and Owen County, was granted. The summary judgment was entered in the Owen County Circuit Court Clerk's records on December 8, 1975.

The next action was on December 22, 1975, when the Owen Circuit Court entered a judgment granting recovery to the appellees, Carpenter and Owen County, on their complaint and further ordering the land of the Cobbs sold at public auction. In accordance with the judgment, the Master Commissioner of Owen Circuit Court, who is also the Circuit Court Clerk, posted notice of sale and advertised the sale of the Cobb property in the local newspaper. These notices stated the property was to be sold at the Owen County Courthouse at 2:00 p. m. on January 31, 1976.

As evidence the appellants well knew what was happening, a pleading was filed January 22, 1976, on their behalf, (signed again by Charlie Cobb individually, pro se, jointly and severly (sic) and as attorney in fact for the captioned defendants), asking the Owen Circuit Court to vacate, stay and abate the Commissioner's notice of sale. Again this pleading was obviously prepared by one with legal training and was received by the circuit clerk in an envelope bearing the return address in the left upper corner of William H. "Bill" Bixler, Attorney at Law, P.O. Box 843, Covington, Kentucky, 41012.

The farm was sold on January 31, 1976, to the appellees, W. B. and Audrey Shirley for $51,200.00, which sum the Shirleys paid to the commissioner in cash. After the report of sale was tendered and laid over some three days for the filing of exceptions thereto, the report of sale was ordered filed on February 2, 1976. A deed was prepared by the commissioner and an order to surrender possession of the property was entered on February 6, 1976. On February 16, 1976, an order of final distribution was entered.

Thereafter things began to happen in this case that are difficult to comprehend. An attorney, William F. Knapp, Jr., was apparently employed under written contract by the Cobbs, even though the first action by Knapp was to advise the Owen Circuit Court that both Cobbs were of unsound mind and incompetent to handle their own affairs. The record indicates a report of a guardian ad litem which states that the Cobbs are competent. Many motions were filed on behalf of the Cobbs; insinuations of misconduct on the part of the Shirleys, offers of a bribe, false swearing, and finally misconduct on the part of the trial court and the Master Commissioner. These matters, serious in nature, are the fit subject for another forum, and not for the lines of this written opinion. The end result of all the motions and commotions of the Cobbs is that a motion filed by them on April 3, 1976, to grant a thirty day extension of time in which to take an appeal was denied by the Owen Circuit Court on May 4, 1976. A writ of possession was entered the same date and on May 25, 1976, a notice of appeal was filed by the attorney for the Cobbs. By order of the Kentucky Supreme Court on May 28, 1976, the writ of possession was stayed pending this appeal.

The appellees, Shirleys, filed a motion to dismiss the appeal under authority of CR 73.02 which the Supreme Court denied on September 28, 1976. This case was then transferred to the Court of Appeals.

We believe the motion of appellees to dismiss the appeal as not timely filed should be sustained.

KRS 21.056 which was repealed with the enactment of the Judicial Amendment to the Constitution effective January 1, 1976, had stated the method of appeal and that the appeal was to be perfected as provided by the Rules of Civil Procedure.

Effective January 1, 1976, section 115 of the Kentucky Constitution as amended reads:

In all cases, civil and criminal, there shall be allowed as a matter of right at least one appeal to another court. . . . Procedural rules shall provide for expeditious and inexpensive appeals.

The present case was practiced under this law and CR 73 before it was amended in July, 1976.

CR 73.02(1), before July 1, 1976, stated: When an appeal is permitted by law as a matter of right, the time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from . . . except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment or an order which affects the running of the time for taking an appeal, the Circuit Court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed.

CR 73.02(2) states: "A party may appeal from a judgment by filing a notice of appeal with the Circuit Court . . .."

■ There is only one means to appeal a matter to this court and that is by notice of appeal which must be filed within 30 days (20 days as of July 1, 1976) of the final judgment or final order as determined by CR 54.01. This 30 day time limit is mandatory and jurisdictional, see *Electric Plant Board of Hopkinsville, Kentucky v. Stephens*, Ky., 273 S.W.2d 817 (1954). Using either the date the summary judgment was entered or the date the order of distribution was entered, it is apparent that appellants' notice of appeal was not timely.

■ The appellants, in an attempt to take advantage of the one exception to the 30 day rule, filed a motion for extension of time under CR 73.02(1) on April 3, 1976, to take an appeal from the court's order of February 16, 1976, the final order of distribution of the proceeds of the judicial sale. The circuit court denied this motion on May 4, 1976. The appellants on May 25, 1976, filed his notice of appeal not from the order of distribution entered February 16, 1976, or the summary judgment entered December 27, 1975, for appellants obviously knew the time for appeal of those orders had long since passed. They appealed the order of May 4, 1976, denying their request for a 30 day extension of time to file an appeal.

This would put them within 30 days of an order, but one that is not a final order under CR 54.01 and therefore, not appealable. For that reason this appeal is dismissed.

In fact, the reading of the entire record would indicate to this court the appeal may be one of delay only. It is a matter of record that appellants are still in possession of the land, the Shirleys have not had the benefit of a 6,000 pound tobacco base, and the clerk of Owen Circuit Court is holding the $51,200.00 purchase price. It would obviously be very disadvantageous to the Shirleys if the case should drag on to where they would be denied the benefits of another tobacco crop.

■ The appellants state they have filed a supersedeas bond. There is some indication in the record that this is untrue. We feel the appellants would not deliberately mislead this court; therefore, the following damages under CR 73.04(1) are assessed against the supersedeas bond. The appellants shall be assessed not only the costs of this appeal, but under authority of *Moss v. Smith*, Ky., 361 S.W.2d 511 (1962), the fair and reasonable rent of the property during the time the Shirleys have been kept out of possession. If it is true that a supersedeas bond has not been executed, then the cost and damages above are to be deducted from the amount presently held by the circuit clerk for distribution to the appellants. We might further add that a reading of the record in this case does not indicate any error on behalf of the trial court in granting the summary judgment.

Appeal is dismissed.

All concur.